**Mark Douglas PATTON, Appellant,**

v.

**STATE of Missouri, Respondent.**

**No. 56556.**

Supreme Court of Missouri,
Division No. 2.

Nov. 13, 1972.

Gregory D. O'Shea, St. Louis, for appellant.

John C. Danforth, Atty. Gen., Preston Dean, Asst. Atty. Gen., Jefferson City, for respondent.

STOCKARD, Commissioner.

Mark Douglas Patton has appealed from the denial, after evidentiary hearing, of his motion pursuant to Rule 27.26, V.A. M.R., to vacate and set aside the judgment of conviction of assault with intent to kill with malice entered following his plea of guilty. The notice of appeal was filed prior to January 1, 1972. Therefore appellate jurisdiction is in this court.

Appellant's only point is that "The record indicates that appellant's plea [of guilty] was not voluntary and is therefore invalid." From the argument in appellant's brief we find that this point is based solely on the contention that the trial court did not explain to appellant that "the insanity defense was available" to him.

At the time appellant entered his plea of guilty he was represented by appointed counsel who was experienced in criminal trials. The prosecuting attorney stated that in the event of a trial the State's evidence would show that appellant and a person named Hulstine had robbed a service station

in St. Louis County, and had taken the attendant at the station, Mr. Wirtes, as hostage. Near Festus, in Jefferson County, appellant told Mr. Wirtes to get out of the automobile and to start walking across a field. As Mr. Wirtes was walking away, appellant fired three shots at him, and when he "started hollering" appellant reloaded his gun and walked near him and shot at him three more times. When asked by the court why he shot Mr. Wirtes, appellant replied, "Because there wouldn't be no witnesses, that's about the only thing."

The trial court made a detailed and most complete examination of appellant during which he admitted the factual circumstances of the crime, and also admitted he knew he had a right to a jury trial, and that by pleading guilty he was waiving that right and also the right to confront and cross-examine the witnesses against him and the right against self-incrimination.

Appellant's counsel made a plea to the court for a sentence less than life imprisonment, which the prosecutor recommended, and in the course of that plea advised the court that appellant had used drugs and was an excessive user of alcohol. He also advised the court that appellant had been given psychiatric examination at Malcolm Bliss Hospital in St. Louis, and that "The report was that he was mentally capable to stand trial, that there was no excuse for his guilt because of any mental deficiency, but he does suffer emotional tension." The court then questioned appellant about his use of drugs, and he stated that he had been taking "some speed" since he "had been on the run," which referred to a prison escape by him in California. The sentence imposed was imprisonment for a term of thirty-five years.

Appellant testified at the hearing on the 27.26 motion that prior to the commission of the offense to which he entered a plea of guilty he had been using LSD, and that when he told the court the circumstances of the crime he was not testifying from his recollection of the events, but from what he had read in the newspapers. He admitted that after the commission of the assault on Mr. Wirtes, and while he was in confinement in St. Louis charged with robbery and kidnapping of Mr. Wirtes, he was sent to Malcolm Bliss Mental Health Center for an examination. That report, dated June 16, 1969, was introduced in evidence. The diagnosis was "Antisocial Personality." The conclusion and recommendation of the examining doctor was as follows: "There is no evidence of mental disease or defect of such a quality or intensity which would have made him unable to know or appreciate the nature, quality, or wrongfulness of his act, or would make him unable to conform his actions to the requirements of law. He is presently able to cooperate with counsel in his own defense."

In the circumstances of this case, and in view of the record made at the time the plea of guilty was entered, there was no duty on the court to advise appellant that an "insanity defense" was available. The findings of the trial court are not erroneous.

The judgment is affirmed.

HOUSER, C., concurs.

PER CURIAM:

The foregoing opinion by STOCKARD, C., is adopted as the opinion of the Court.

All of the Judges concur.