Ray Charles McCASKILL, Appellant,

v.

STATE of Missouri, Respondent.

No. 40174.

Missouri Court of Appeals,
Eastern District,
Division Three.

March 20, 1979.

Richard S. McConnell, Clayton, for appellant.

John D. Ashcroft, Atty. Gen., Paul Robert Otto, Marjorie Wholey Haines, Asst. Attys. Gen., Jefferson City, George A. Peach, Circuit Atty., St. Louis, for respondent.

REINHARD, Presiding Judge.

Movant appeals from a denial of his motion to vacate sentence under Rule 27.26. The circuit court of the City of St. Louis denied the motion without an evidentiary hearing. On appeal, movant contends that the court erred in denying him an evidentiary hearing.

Movant seeks to have his two year sentence set aside, alleging first that his "plea was involuntarily tendered for the reason that the plea was not intelligently made," second, that he was denied effective representation in that his appointed attorney allegedly failed to advise him of the nature of the offense with which he was charged and that counsel failed to investigate, and third, that the information failed to charge a statutory offense.

An order overruling a motion filed under the provisions of Rule 27.26 is deemed a final judgment for purposes of appeal by the prisoner, and appellate review shall be limited to a determination of whether the findings, conclusions and judgment of the trial court are clearly erroneous. Moreover, after review of the record, unless this court is left with the definite and firm conviction that a mistake has been made, the trial court's judgment will not be reversed. Rule 27.26(j); *Pickens v. State*, 549 S.W.2d 910, 912 (Mo.App.1977). Where the files and records of the case conclusively show that the prisoner is not entitled to relief, no evidentiary hearing is required in the trial court. Neither is a hearing required where movant's allegations are merely conclusions. *Smith v. State*, 513 S.W.2d 407, 410–412[1], [6] (Mo. banc 1974).

In November 1973 McCaskill pleaded guilty to a charge of attempted first degree robbery. This charge had been reduced from robbery, first degree. The court accepted this guilty plea, finding that "the plea of guilty was made voluntarily, with full knowledge and understanding of the defendant's rights and the consequences of his act." The transcript of this plea hearing sets forth McCaskill's responses to the court's inquiry prior to accepting his plea of guilty. This includes responses as to (1) his understanding of the offense charged, and his desire to enter a guilty plea, (2) his knowledge that on this plea he could be sentenced to jail for a term ranging from a minimum of two years to a maximum of ten years, and (3) his discussion with, and satisfaction with the advice and recommendations of, counsel.

On December 21, 1973, after a pre-sentence investigation, imposition of sentence was suspended and McCaskill was placed on probation for a period of three years. A probation revocation hearing was held in June 1976, at which time evidence was admitted which showed that movant had been convicted of robbery, in the first degree on April 30, 1976. (He had received a seven year sentence on that conviction.) Probation was revoked and McCaskill was sentenced to two years in the Missouri Department of Corrections, such sentence to be served consecutively to the sentence of seven years.

■ The transcript of movant's guilty plea hearing shows that the charge had been explained to him and that he had been advised that the range of punishment on a plea of guilty would be from two to ten years. The record refutes his allegation that his guilty "plea was involuntarily tendered for the reason it was not intelligently made." Movant also alleges that his attorney was ineffective in that he failed to inform him of the nature of the charge and the range of punishment. These allegations are also refuted by the record. See *Giles v. State*, 562 S.W.2d 106, 111 (Mo.App.1977).

■ Further he alleges that his attorney failed to investigate the case. First we note that a challenge to the effectiveness of counsel is immaterial after entry of a guilty plea, unless movant alleges that counsel was inadequate or incompetent in such manner as to affect the voluntariness and intelligence of the plea. *Matthews v. State*, 501 S.W.2d 44, 47 (Mo.1973); *Baker v. State*, 524 S.W.2d 144, 148 (Mo.App.1975). No such allegation was made here. In addition, an allegation of failure to investigate is insufficient if movant fails, as he did here, to allege what possible defense might have been discovered upon further investigation and how such investigation would have benefitted him. *White v. State*, 558 S.W.2d 372, 374 (Mo.App.1977).

■ Finally, there is no merit to movant's contention that the information was defective in not setting forth the value of the property attempted to be taken. The actual allegation of the information was "several keys on a key ring, value undetermined." The fact that no value was specified as to the property taken is immaterial so long as the property has some value. The averment in the information, "value undetermined," does not suggest that the property was valueless; *some* value, not calculated or determined, obviously attached to the property. *State v. VanHorn*, 288 S.W.2d 919, 921 (Mo.1956); *State v. Biven*, 151 S.W.2d 1114, 1117 (Mo.1941); *State v. Thomas*, 525 S.W.2d 833, 835 (Mo. App.1975).

Affirmed.

GUNN and CRIST, JJ., concur.