**Michael SIMPSON, 32895, Appellant,**

v.

**STATE of Missouri, Respondent.**

No. 41548.

Missouri Court of Appeals,
Eastern District,
Division Three.

May 6, 1980.

Motion for Rehearing and/or Transfer to Supreme Court Denied June 20, 1980.

Application to Transfer Denied
Sept. 9, 1980.

Malcolm H. Montgomery, Sp. Asst. Public Defender, Jackson, Michael Simpson, for appellant.

John Ashcroft, Atty. Gen., Paul Robert Otto, Steven W. Garrett, Asst. Attys. Gen., Jefferson City, Bradshaw Smith, Pros. Atty., Jackson, for respondent.

CRIST, Judge.

Movant has appealed the denial of his Rule 27.26 motion without an evidentiary hearing. We affirm.

On August 18, 1978, movant pleaded guilty to two counts of bombing and was sentenced to concurrent terms of thirteen years on each count. Movant maintains that he was entitled to an evidentiary hearing on his Rule 27.26 motion due to ineffective assistance of counsel and because his guilty plea was involuntary. Basically, movant's motion alleged the following as grounds for relief:

1. Ineffective assistance of counsel:

   (A) Counsel failed to fully protect appellant's rights during the guilty plea proceedings.

   (B) Counsel failed to request a pretrial mental evaluation for appellant.

   (C) Counsel failed to interview any of the potential witnesses suggested by appellant.

2. Involuntary plea of guilty:

   (A) Appellant was so "overborne" by the length and conditions of his incarceration as to render his guilty plea involuntary.

   (B) Appellant's plea was involuntary because he was subjected to the fear that the prosecuting attorney would use "purposely prepared perjured testimony" to convict him.

*Rice v. State*, 585 S.W.2d 488 (Mo. banc 1979) is controlling. Allegations of ineffective assistance of counsel are only considered insofar as they effect the voluntary nature of movant's guilty plea. The record of the guilty plea hearing specifically refutes movant's contentions above numbered 1(A) and (C). Movant's contention in 1(B) also fails for the reason that when challenging counsel's failure to move for a mental examination, movant must first

show the existence of some factual basis to suppose his mental condition was questionable, and which would have obligated the attorney to initiate an independent investigation of movant's mental state. *Chapman v. State,* 506 S.W.2d 393, 395 (Mo.1974). Also, see *Charles v. State,* 570 S.W.2d 700 (Mo.App.1978) and *Parks v. State,* 518 S.W.2d 181 (Mo.App.1974).

Similarly, *all* of movant's allegations are deficient in that they are mere conclusions which in no way liken to statements of fact, nor do they incorporate sufficient factual elements in which to find support. *Rice, supra,* at 492. Thus, the trial court did not err when it refused movant an evidentiary hearing based upon the "factual" allegations contained in his motion.

Judgment affirmed.

DOWD, P. J., and REINHARD, J., concur.