Leon ORR, # 24821, Movant–Appellant,

v.

STATE of Missouri, Respondent.

No. 42270.

Missouri Court of Appeals,
Eastern District,
Division Three.

Sept. 30, 1980.

---

Ronald E. Pedigo, Public Defender, Farmington, for movant–appellant.

John Ashcroft, Atty. Gen., Paul Robert Otto, Asst. Atty. Gen., Jefferson City, Herbert A. Kasten, Jr., Pros. Atty., Ste. Genevieve, for respondent.

CRIST, Judge.

Rule 27.26 proceeding. We affirm.

Movant pled guilty to two charges of second degree murder and was given, on January 15, 1974, two, concurrent, thirty–year sentences.

Movant filed a Rule 27.26 motion to vacate his guilty pleas. Counsel was appointed and the motion was amended to allege that movant's pleas of guilty were involuntary by reason of ineffective assistance of counsel.

Movant claimed that his pleas were involuntary because (1) the record shows that neither the court nor his counsel informed movant of his right to compulsory service of process, and (2) his attorney failed to suggest or prepare any defense.

 Movant's last contention must fall for failure to state facts showing entitlement to relief. *McCaskill v. State*, 579 S.W.2d 760, 762 (Mo.App.1979). His first contention must fail for the same reason, and one other. He says had he known of his right to compulsory process, he would have subpoenaed his co–defendants whose testimony, taken in conjunction with the testimony of the state's witness, would have exonerated him. The test for determining whether a plea is valid does not involve mere examination of the ritual followed, nor does it require that each and every detail be fully explained to a defendant. Validity depends upon whether or not a plea is voluntarily and intelligently made. *Giles v. State*, 562 S.W.2d 106, 108 (Mo.App. 1978).

Any challenge to the adequacy of representation by counsel must be limited to the relationship between counsel's ineffectiveness and issue of voluntariness and understanding. 562 S.W.2d at 111. After a review of the record on appeal, unless the court is convinced that the action of the trial court was clearly erroneous, it will not reverse the judgment of the trial court. 579 S.W.2d at 761. If the record conclusively shows that the movant is entitled to no relief, there is no requirement that an evidentiary hearing be held. *Burns v. State*, 601 S.W.2d 633, 635 (Mo.App.1980).

The record of the guilty plea shows that movant was informed of his right to subpoena witnesses, albeit enshrouded in the many questions put to movant by the court to insure understanding and voluntariness in his pleas of guilty. Movant had an average education, was in full control of his mental faculties, admitted his guilt, was satisfied with his attorney and understood that he was *waiving his right to a trial by jury*, his right to confront the witness against him and his privilege against self–incrimination. Movant did not have a right to be specifically informed of each detail of the trial by jury he was waiving. Based upon this conclusive showing in the record that movant was entitled to no relief, the trial court did not err in concluding that he was not entitled to an evidentiary hearing.

Movant's final point is that the trial court erred in denying him an evidentiary hearing because of a failure to make findings of fact and conclusions of law as required by Rule 27.26(i). Movant's point is not well taken since such a failure, if it exists, is not relevant to the question of the denial of an evidentiary hearing. Movant has not asked this court to remand this case to the circuit court for more specific findings of fact and conclusions of law. We decline to do so.

 In its findings of fact and conclusions of law the trial court found that movant had voluntarily and intelligently entered pleas of guilty and concluded that movant was not entitled to an evidentiary hearing. Under the posture of this case, such findings of fact and conclusions of law do not constitute reversible error. Nor is it necessary to remand for more extensive findings of fact and conclusions of law. The record is sufficient to enable this court to make a determination as to the correct-

ness of the trial court's action. One of the purposes of the Rule 27.26 motion is to bring about a finality to criminal proceedings. *Fields v. State*, 572 S.W.2d 477, 481 (Mo. banc 1978). The record shows that movant is not entitled to an evidentiary hearing thus a remand would be a useless gesture. The law does not require the doing of a useless act for the sole purpose of being in compliance with a technical requirement.

Judgment affirmed.

DOWD, P. J., and REINHARD, J., concur.