Harold R. WHITWORTH, Appellant,

v.

STATE of Missouri, Respondent.

No. 42519.

Missouri Court of Appeals, Eastern District, Division Three.

Oct. 28, 1980.

Ronald E. Pedigo, Public Defender, Farmington, for appellant.

John Ashcroft, Atty. Gen., Paul Robert Otto, Jan Bond, Asst. Attys. Gen., Jefferson City, Herbert A. Kasten, Pros. Atty., Ste. Genevieve, for respondent.

REINHARD, Judge.

Movant appeals from a denial of his Rule 27.26 motion without an evidentiary hearing. On appeal, he contends that the court erred in failing to grant him an evidentiary hearing because his Rule 27.26 motion, as amended, raised issues of fact. In his Rule 27.26 motion, movant alleges that his counsel ineffectively assisted him because his attorney failed to explore and explain to him all available defenses. Movant specifically refers to the defense of intoxication.

In the court's findings of fact and conclusions of law, the court concluded that, based upon the files, records and transcript of the hearing on the plea of guilty, movant had raised no question of law or fact that would entitle him to an evidentiary hearing or the requested relief.

As to movant's allegation that his attorney failed to inform him of the possible defense of intoxication, the court found that this defense was not available to movant on the reduced charge.

There is no requirement of an evidentiary hearing if the records in the case conclusively show that movant is not entitled to relief. *Rice v. State*, 585 S.W.2d 488, 490 (Mo. banc 1979); *Colbert v. State*, 486 S.W.2d 219, 220–21 (Mo.1972); *State v. Choate*, 588 S.W.2d 163, 164 (Mo.App.1979).

When there is a guilty plea, the standard of review of alleged ineffective assistance of counsel is whether the defendant entered the plea voluntarily and with understanding of the plea and its consequences. *Cave v. State*, 585 S.W.2d 149, 159 (Mo.App.1979); *Helms v. State*, 584 S.W.2d 607, 609 (Mo.App.1979); *Gilmore v. State*, 578 S.W.2d 71, 72 (Mo.App.1979).

■ Based upon our review of the records furnished us, we find that the court's denial of movant's Rule 27.26 motion without an evidentiary hearing was not clearly erroneous. Rule 27.26(j).

Here, the record shows that the court granted leave to amend the original information prior to entry of the plea and that this amendment reduced the charges to assault in the second degree. The record also shows that at the plea hearing the court extensively questioned movant. In response to the court's questioning, movant expressed satisfaction with his counsel, understanding of his rights to and waiver of a trial, and his desire to enter the plea. Thus, the record indicates movant voluntarily entered the plea and understood its consequences.

■ Finally, we note that the defense of intoxication only applies to crimes which have as an essential element the mental state of purpose or knowledge. Section 562.076(1)(1), RSMo 1978. Since movant has failed to include in the transcript on appeal a copy of the original indictment or information, we have no way of reviewing whether the offense for which he was originally charged involved the mental state of purpose or knowledge and thus whether the defense of intoxication would have been available. We cannot review that which has not been properly preserved for appeal.

■ We do not know from the record that the charged offense involves the mental state of recklessness. Section 565.-060(1)(2), RSMo 1978. The intoxication defense, therefore, would not be available to movant for the charge to which he pleaded guilty.

The judgment is affirmed.

CRIST, P. J., and SNYDER, J., concur.