Cord Elwood STANLEY, Movant-Appellant,

v.

STATE of Missouri, Respondent.

No. 43881.

Missouri Court of Appeals, Eastern District, Division Three.

Sept. 22, 1981.

Motion for Rehearing and/or Transfer to Supreme Court Denied Nov. 20, 1981.

Application to Transfer Denied Jan. 18, 1982.

Gary L. Breezeel, Cape Girardeau, for movant-appellant.

John Ashcroft, Atty. Gen., Kristie Green, Asst. Atty. Gen., Jefferson City, Stephen Limbaugh, Jr., Cape Girardeau, for respondent.

CRIST, Presiding Judge.

Movant appeals the denial of his Rule 27.26 motion without an evidentiary hearing. We affirm.

In 1976, movant pleaded guilty to second degree burglary. He received five years probation and imposition of sentence was suspended. Later in 1976, after a hearing on a violation of probation conditions, he received a suspended eight year sentence and five years probation.

In 1978, movant got drunk and broke into a gas station to steal cigarettes. He was arrested while still in the gas station and charged with burglary second degree and stealing. He pleaded guilty in return for dismissal of the stealing charge. He received a five year sentence for the burglary and his probation was revoked, resulting in another sentence of eight years, to run concurrently.

In his Petition to Enter a Plea of Guilty, movant's counsel erroneously listed the maximum sentence for second degree burglary as fifteen years. At the guilty plea hearing, the court corrected this to ten years.

Movant claims ineffective assistance of counsel. He offers these factual allegations in support of his claim: (1) Counsel's only investigation consisted of consultation with movant, totalling less than two hours; (2) Counsel made no effort to defend movant except to arrange the plea bargain; and (3) Counsel advised movant he could receive a twenty-three year sentence if tried and convicted.

Allegations of ineffective assistance of counsel are only considered insofar as they affect the voluntary nature of the movant's guilty plea. *Simpson v. State,* 603 S.W.2d 9, 10 (Mo.App.1980); *Rice v. State,* 585 S.W.2d 488, 493 (Mo. banc 1979).

Movant failed to show how trial counsel's limited investigation of the case affected the voluntariness of his guilty plea. *Dickerson v. State,* 594 S.W.2d 293, 295 (Mo.App.1979). He alleges no useful facts an extended investigation might have discovered. At the guilty plea hearing, the court advised movant the maximum sentence for the burglary was ten years and his probation could be revoked. Hence, counsel's error concerning the twenty-three year maximum sentence for burglary caused no prejudice.

The judgment is based on findings of fact which are not clearly erroneous. No error of law appears. An extended opinion would have no precedential value.

Affirmed in accordance with Rule 84.-16(b).

REINHARD and SNYDER, JJ., concur.