Reginald GAINES, Movant-Appellant,

v.

STATE of Missouri,
Defendant-Respondent.

No. 44856.

Missouri Court of Appeals,
Eastern District,
Division 2.

Aug. 4, 1982.

Motion for Rehearing and/or Transfer
Denied Sept. 17, 1982.

---

John B. Kistner, Jr., St. Louis, for movant-appellant.

John Ashcroft, Atty. Gen., Kristie Green, Asst. Atty. Gen., Jefferson City, George Peach, Circuit Atty., St. Louis, for defendant-respondent.

DOWD, Presiding Judge.

This appeal is from the denial without evidentiary hearing of a Rule 27.26 motion to withdraw guilty plea and vacate and set aside judgment.

Movant-appellant pleaded guilty in November, 1976 to forcible rape, assault with intent to maim with malice, first degree robbery, and second degree burglary. He received one ten year sentence and three fifteen year sentences to run concurrently. In 1979 movant filed a Rule 27.26 motion alleging that ineffective assistance of counsel had resulted in his involuntary and unknowing plea of guilty. The trial court dismissed the motion by memorandum. Upon movant's appeal, we remanded the case because the memorandum did not contain sufficient findings of fact and conclusions of law to permit Rule 27.26(j) review. *Gaines v. State,* 620 S.W.2d 402, 403 (Mo. App.1981). The trial court then issued an opinion again dismissing the motion without evidentiary hearing.

Movant contends on this appeal that the trial court erred in thus denying him an evidentiary hearing. We disagree. To be entitled to an evidentiary hearing, the movant must plead facts, not conclusions, which if true would entitle him to relief, and must show that these factual allegations are not refuted by facts elicited at the guilty plea hearing. *Rice v. State,* 585 S.W.2d 488, 492 (Mo. banc 1979); *Smith v. State,* 513 S.W.2d 407, 411 (Mo. banc 1974), *cert. denied,* 420 U.S. 911, 95 S.Ct. 832, 42 L.Ed.2d 841 (1975). Our review is limited to determining whether the trial court's actions are clearly erroneous. Rule 27.26(j); *Orr v. State,* 607 S.W.2d 187, 188 (Mo.App.1980).

In his motion, movant alleged that his guilty plea was induced by ineffective assistance of counsel in three respects: inadequate investigation of the case, improper advice on sentencing, and failure to fully advise movant of his constitutional rights. Consideration of these allegations is limited to their effect on the voluntary nature of the guilty plea. *Rice v. State,* 585 S.W.2d at 493; *Stanley v. State,* 629 S.W.2d 403, 404 (Mo.App.1981).

The motion failed to show how trial counsel's inadequate investigation affected the voluntariness of movant's plea. *Stanley v. State,* 629 S.W.2d at 404. In addition the transcript of the plea hearing reveals that movant responded negatively when the trial court asked if there was anything counsel should have done but did not do in the preparation of the case. Therefore, the trial court's denial of an evidentiary hearing based on this allegation was not clearly erroneous.

Movant's allegation that counsel's improper advice on sentencing induced his guilty plea was also refuted by the transcript of the guilty plea hearing. *McCaskill v. State,* 579 S.W.2d 760, 762 (Mo.App.1979). After the court advised movant of the range of punishment from two years to life imprisonment, movant indicated he understood his sentence would be within that range. He denied that any threats or promises were made to him, or that he was told anything other than the prosecution's possible recommendation. Movant also indicated his understanding that the court need not follow the state's recommendation. In light of this dialogue, any deficiency in counsel's advice was overcome by the trial court's explanation.

The motion further alleged that movant's plea was involuntary because counsel failed to advise him of seven constitutional rights related to trial. Again, the transcript of the guilty plea shows that movant understood he was waiving his right to a trial by jury, his right to confront and call witnesses, and his privilege against self-incrimination. Movant had no right to be specifically informed of each detail of the trial by jury he was waiving. *Orr v. State,* 607 S.W.2d at 188.

The trial court did not err in concluding that movant was not entitled to an evidentiary hearing.

Judgment affirmed.

GUNN, C.J., and SIMON, J., concur.