**Charles MAYS, Movant-Appellant,**

v.

**STATE of Missouri, Respondent.**

**No. 12682.**

Missouri Court of Appeals,
Southern District,
Division Three.

Sept. 15, 1982.

Motion for Rehearing Overruled and to Transfer to Supreme Court Denied Sept. 29, 1982.

Application to Transfer Denied Nov. 15, 1982.

Scott E. Walter, Public Defender, Benton, for movant-appellant.

John D. Ashcroft, Atty. Gen., Priscilla Gunn, Asst. Atty. Gen., Jefferson City, for respondent.

PREWITT, Judge.

Movant filed a motion under Rule 27.26 seeking to vacate a judgment and conviction imposed on him July 3, 1979. A jury had found him guilty of first degree robbery and set his punishment at ten years' imprisonment. The trial judge sentenced movant to twenty years' imprisonment. The judgment was affirmed in *State v. Mays,* 598 S.W.2d 613 (Mo.App.1980).

Movant's motion was denied without an evidentiary hearing, the trial judge determining that the motion and the files and records of the case conclusively showed that movant was not entitled to relief. See Rule 27.26(e). Movant's first point contends that determination was erroneous "because the trial and sentencing court was without jurisdiction or other legal authority to impose sentence of 20 years upon the appellant pursuant to the extended term provisions of § 558.016, RSMo.1978, § 558.021, RSMo. 1978, and § 556.061, RSMo.1978." His second point asserts that "trial counsel was ineffective for failing to inform the court or otherwise demonstrate that he was aware of the inapplicability of § 558.016 and § 558.021, RSMo.1978, to increase the sentence of the appellant as a dangerous offender."

First degree robbery is a class A felony. § 569.020–2, RSMo.1978. Prior to its amendment, Laws of Missouri, 1980, p. 495, § 558.016 did not refer to class A felonies. Movant acknowledges that the trial court had authority to assess the sentence under § 557.036–3(2)(b), RSMo.1978. See *State v. Byrnes,* 619 S.W.2d 791, 792 (Mo.App.1981); *State v. Manis,* 614 S.W.2d 771, 772 (Mo. App.1981). He contends that as the record entry of the judgment shows that the judge proceeded under §§ 558.016, 558.021, and 556.061, RSMo.1978, and not § 557.036, an extended sentence could not be assessed and the sentence was invalid.

The trial court had authority to impose the sentence. It proceeded in a proper and authorized manner and whether it made a mistake in reciting the statutes under which it was proceeding makes no difference as the result is the same. Counsel was not ineffective because whether §§ 558.016 and 558.021 authorized increasing the sentence was immaterial when there was a statute that did allow it. Counsel's failure "to inform the court or otherwise demonstrate that he was aware of the inapplicability" of those sections would not have changed the result when the trial court was authorized to proceed as it did.

The judgment is affirmed.

GREENE, C.J., BILLINGS, P.J., and FLANIGAN and MAUS, JJ., concur.