Daniel L. JARVIS, Movant-Appellant,

v.

STATE of Missouri, Respondent.

No. 12746.

Missouri Court of Appeals,
Southern District,
Division Three.

Dec. 6, 1982.

Motion for Rehearing Overruled and to Transfer to Supreme Court Denied Dec. 27, 1982.

Application to Transfer Denied Feb. 23, 1983.

---

David E. Woods, Regional Public Defender, Poplar Bluff, for movant-appellant.

John D. Ashcroft, Atty. Gen., John M. Morris, III, Asst. Atty. Gen., Jefferson City, for respondent.

---

PREWITT, Judge.

Movant was originally charged with selling marijuana and then the charge was changed to possession of more than 35 grams of marijuana. See §§ 195.020 and 195.200, RSMo 1978. He pled guilty to the latter charge and received a sentence of three years imprisonment. He sought to vacate the conviction and sentence by a motion under Rule 27.26. The trial court determined that the records of the case conclusively showed that movant was not entitled to relief and denied the motion without an evidentiary hearing. See Rule 27.26(e).

Movant contends that the trial court erred by failing to grant him an evidentiary hearing because he pled facts that were "not refuted by facts elicited at the Plaintiff's plea of guilty ... as shown in the transcript of that proceeding." These facts are stated in his motion as follows: "I was only caught with selling six marijuana cigaretts which does not weigh over 35 gram" and "[t]he only reason I pleaded guilty was because of all the pressure I was under."

■ An evidentiary hearing is required if movant's Rule 27.26 motion alleges facts, not conclusions, which if true, would entitle him to relief and these facts are not refuted by facts elicited at the guilty plea hearing. *Lawrence v. State,* 607 S.W.2d 198, 200 (Mo.App.1980). See also *Thomas v. State,* 605 S.W.2d 792, 794–795 (Mo. banc 1980).

■ Movant's allegation regarding the weight of the marijuana is refuted by the transcript of his plea. It shows that the prosecuting attorney stated that movant was "found in possession of forty-nine point two grams of marijuana, five handmade cigarettes and some white tablets and the cigarettes were positive for marijuana". His attorney confirmed that this statement was true. Movant was thereafter asked by the judge:

"Q. Did you hear the statement that Mr. Kennedy, the Prosecuting Attorney made about your possession of this marijuana?

A. Yes, sir.

Q. Was that statement true?

A. Yes, sir.

Q. Is there anything about that statement that you need to change or you want to say about it?

A. No, sir.

Q. Did he tell it like it was?

A. Yes, sir."

The allegation regarding the pressure he was under, even if it was true, does not show that movant would be entitled to any relief. There is no allegation as to what type of pressure he was under, its cause or the extent of it. No facts are alleged which show that the pressure was such that movant would be entitled to have his conviction and sentence vacated. As specific facts are not alleged showing that movant might receive the relief requested, he is not entitled to a hearing on this contention. *Murphy v. State,* 636 S.W.2d 699, 702 (Mo.App.1982).

The judgment is affirmed.

GREENE, C.J., and FLANIGAN and MAUS, JJ., concur.