Robert BENNETT, Appellant,

v.

STATE of Missouri, Respondent.

No. WD 34029.

Missouri Court of Appeals,
Western District.

Nov. 22, 1983.

Motion for Rehearing and/or Transfer to Supreme Court Overruled and Denied Dec. 28, 1983.

James W. Fletcher, Public Defender, Sean D. O'Brien, B.J. Kessler, Kansas City, for appellant.

John Ashcroft, Atty. Gen., Jefferson City, Philip M. Koppe, Asst. Atty. Gen., Kansas City, for respondent.

Before SOMERVILLE, P.J., NUGENT and LOWENSTEIN, JJ.

LOWENSTEIN, Judge.

A jury found Bennett guilty of second degree robbery, Section 569.030, RSMo.1978 and sentenced him to ten years imprisonment. He was found to be a persistent offender under Section 558.016 and his sentence was enhanced to twenty-five years. Following unsuccessful appeal, *see State v. Bennett,* 621 S.W.2d 314 (Mo.App.1981), movant filed a pro se Rule 27.26 motion, later amended with appointment of counsel, which was overruled without a hearing.

■ Rule 27.26(e) requires an evidentiary hearing if movant's petition alleges facts, not conclusions, which if true would entitle him to relief and these facts are not refuted by the record. *Mays v. State,* 640 S.W.2d 186 (Mo.App.1982); *Jarvis v. State,* 645 S.W.2d 141 (Mo.App.1982). Rule 27.26(j) limits appellate review to a determination of whether the findings, conclusions and judgment of the trial court are "clearly erroneous."

Under Claims I and II movant alleges ineffective assistance of counsel because his attorney had him "confess" his prior convictions before the judge who was trying him as a persistent offender. He claims error in that at the time he waived his right to testify out of the jury's hearing but before the judge, movant was not informed by counsel that 1) he had a right not to admit his prior convictions, 2) that if he did not admit the prior convictions the information could not be used to enhance his sentence under the persistent offender statute, 3) the state would have the burden to prove the prior convictions, and 4) the movant had a right to confront and cross-examine the state's evidence used in proving the movant's prior convictions. As supporting facts, movant states he would not have admitted his prior convictions during the hearing had he been informed by counsel of the above information. The trial judge ruled against movant without a hearing because the record indicated the movant, after having been fully advised by counsel, elected not to testify on his own behalf.

The trial court was not "clearly erroneous" in denying movant any relief. The record shows movant was not forced to "confess" his prior convictions. At his sentencing hearing, the state introduced independent evidence of his prior convictions—exhibits from the United States District Court for the Western District of Missouri showing convictions for bank robbery and dealing in firearms without a license, and from Cuyahoga County, Ohio for convictions for embezzlement, forgery, uttering and publishing a forged instrument, and assault with the intent to rob. Movant does not allege the invalidity of these convictions, nor that the state did not meet its burden of proving him to be a persistent offender.

The judgment is affirmed.

All concur.