Richard STEWART, Movant,

v.

STATE of Missouri, Respondent.

No. 46735.

Missouri Court of Appeals, Eastern District, Division Five.

Sept. 25, 1984.

**440**

Richard Stewart, pro se.

John Ashcroft, Atty. Gen., Theodore A. Bruce, Asst. Atty. Gen., Jefferson City, for respondent.

SATZ, Judge.

Movant, Richard Stewart, entered a plea of guilty to one count of kidnapping, four counts of rape, four counts of sodomy, and one count of robbery. He was sentenced to seven eleven year terms, to be served concurrently, for the four counts of rape and three counts of sodomy. He also received three concurrent sentences of seven years for the kidnapping and robbery counts and for one count of sodomy, to run consecutively with the eleven year terms for a total of eighteen years. The trial court denied movant's motion under Rule 27.26 without an evidentiary hearing. Movant appeals pro se. We remand for an evidentiary hearing.

On appeal, movant argues that his due process rights were violated because the attorney who handled the 27.26 motion did not provide him with effective assistance in the trial and preparation of his motion. Movant also argues that the trial court abused its discretion in denying his motion without an evidentiary hearing.

In his 27.26 motion, movant alleged that his guilty plea was not knowingly and intelligently made because his counsel failed to fully inform him of his constitutional rights. Specifically movant alleged that he was not informed that he had a right to a jury trial or that he had a right not to testify against himself at trial. Movant further alleged that he was not advised of the insanity defense.[1] Finally, movant also alleged that he was not mentally competent at the time of the plea hearing.[2]

---

1. The allegation in Movant's 27.26 petition reads:

    "[c]ounsel did not properly follow up on the mental disorder defense, and did not advise the movant that pursuant to REVISED STATUTES OF MISSOURI, RSMo (1978) 562.016 that movant could not be guilty of any offense unless the movant acted with a culpable mental state, and that movant would not have entered a plea of guilty had the movant of known that such statute existed."

    Apparently, movant drafted the petition, and his counsel did not redraft it. Movant has obviously confused the insanity defense in § 562.086 with § 562.016 which deals with the requisite mental state for criminal liability. Excusing movant's failure to grasp the distinction between the two statutes, we read this allegation as stating that movant was not adequately informed of the insanity defense and, if he had been adequately informed, he would not have entered a plea of guilty. *See State v. Russell*, 324 S.W.2d 727, 729 (Mo.1959); *State v. Cooper*, 541 S.W.2d 40, 42–43 (Mo.App.1976).

2. Reading all of movant's pro se pleadings together, we understand movant to claim that he was under the influence of medication during the plea hearing. Apparently, movant also alleges that the court-ordered psychiatric examination was insufficient to fairly evaluate his competency to stand trial.

"To be entitled to an evidentiary hearing, the movant must plead facts, not conclusions, which if true would entitle him to relief, and must show that these factual allegations are not refuted by facts elicited at the guilty plea hearing." *Gaines v. State*, 639 S.W.2d 873, 874 (Mo.App.1982).

■ Movant's first two allegations are refuted by the transcript of the guilty plea hearing. The transcript reveals that movant responded affirmatively when the trial court asked if he understood that by entering a guilty plea he waived his right to a jury trial and that, if he were to go to trial, he would have a right to remain silent and not be compelled to testify against himself. The record shows, therefore, that movant voluntarily entered this part of his plea and understood the consequences of foregoing these constitutional rights. *See, e.g., Whitworth v. State*, 608 S.W.2d 115, 117 (Mo. App.1980).

The transcript of the guilty plea hearing also refutes movant's allegation as to his mental capacity at the time of the plea hearing. When asked by the court if he was under the influence of drugs or alcohol, movant answered "No." More importantly, however, based on psychiatric reports and an examination of his file, the trial judge expressly found movant competent to stand trial and to understand the nature of the proceedings and enter a plea of guilty. Consequently, no evidentiary hearing on these issues is necessary. *Gaines v. State*, 639 S.W.2d 873, 874 (Mo. App.1982).

We find no facts elicited at the guilty plea hearing, however, to refute movant's allegation that he was not informed by counsel of the insanity defense or that his waiver of the insanity defense was not voluntarily and knowingly made.

■ In *Patton v. State*, 486 S.W.2d 204, 205 (Mo.1972) our Supreme Court held the trial court had no duty to advise defendant of the insanity defense as a prerequisite to a valid guilty plea. In that case, however, the psychiatric report considered by the judge at the plea hearing stated that there was no evidence of mental disease or defect severe enough to excuse defendant's guilt because of mental deficiency. 486 S.W.2d at 205. When the trial court finds the insanity defense is not applicable, the defendant cannot logically argue that he was prejudiced by the failure of the court or of his attorney to explain the defense or its applicability.

In this instance, however, the insanity defense may indeed have been applicable to movant's case at the guilty plea. The trial judge had before him three psychiatric evaluations of movant, one of which specifically stated that as a result of his mental disease or defect movant "did not know or appreciate the nature, quality or wrongfulness of his conduct [at the time of the alleged criminal conduct] and ... was unable to conform his conduct to the requirements of the law." The record clearly shows that both his initial trial attorney and his attorney at the plea hearing intended to rely on a defense of not guilty by reason of insanity. At the plea hearing, movant's attorney simply stated that movant was changing his not guilty plea to guilty. The judge did not question movant about waiving the insanity defense nor did he make any determination as to movant's mental state at the time of the offense. He did ask the general question:

Q. Are you satisfied that your counsel, ..., has represented you thoroughly and competently and fully advised you of your legal and constitutional rights?

To which movant answered. "Yes."

■ Generally stated, "[t]here is no prescribed or precise procedure as to what must be done by the trial court to determine that an accused voluntarily and understandingly enters a plea of guilty. Inquiries into certain areas may be required in one case but would not be required in another." *Donaldson v. State*, 477 S.W.2d 84, 87 (Mo.1972). Regarding this, one of the most talented and experienced trial judges to have graced the bench in metropolitan St. Louis repeatedly urged that only three questions with affirmative answers need be established to make a

record reflecting proper protection of a defendant's rights in accepting a guilty plea. They are:

1. Are you the John Doe charged with committing the crime of robbery, first degree on January 1, 1984?
2. Do you understand the crime?
3. Did you do it?

■ Obviously, at present, both state and federal courts would find this record unacceptable.[3] To meet the criteria established by the appellate courts for an adequate guilty plea, trial courts have incorporated each new appellate requirement, often idiosyncratic, into a litany of questions which, as a ritual, are asked when taking a guilty plea. More often than not, this litany becomes part of a Desk Book for Trial Judges, to be followed religiously. If these questions are, in fact, meaningful and relevant, then certainly, on the facts in this case, movant should have been asked at his guilty plea, specifically and explicitly, whether he understood he was giving up his defense of mental disease or defect. Without this question and movant's affirmative answer, the record of the guilty plea does not refute defendant's specific allegation that he was not properly advised about his rights concerning this defense.

■ This case is significantly different from those cases like *Gaines v. State*, 639 S.W.2d 873 (Mo.App.1982) and *Orr v. State*, 607 S.W.2d 187 (Mo.App.1980) which involve questions about the specifics of the trial process, after movant had been asked if he knew he had a right to trial. Here, we are confronted with an entire defense itself, which, if provable, precludes a finding of guilty. Admittedly, the defense of insanity is waived by a *voluntary* plea of guilty. *See, e.g. State v. Brown*, 449 S.W.2d 664, 666 (Mo.1970). Movant here, however, could not voluntarily waive the insanity defense if he had not been fully informed of its applicability to his case and the waiver of its applicability upon his entry of a plea of guilty.

3. See Rule 24.02.

Accordingly, on the present record, we remand this cause for an evidentiary hearing limited to this issue of movant's insanity defense alone. Because of this remand, we do not address movant's complaint about ineffective assistance of counsel in processing his 27.26 motion.

DOWD, P.J., and FLOYD McBRIDE, Special Judge, concur.