Glenn E. WILLIAMS, Jr.,
Movant–Appellant,

v.

STATE of Missouri, Respondent.

No. 15887.

Missouri Court of Appeals,
Southern District,
Division Two.

Feb. 17, 1989.

Gary M. Wilson, Asst. Public Defender, Springfield, for movant-appellant.

William L. Webster, Atty. Gen., John M. Morris, Asst. Atty. Gen., Jefferson City, for respondent.

MAUS, Judge.

Pursuant to a plea bargain, the movant entered pleas of guilty to charges of first degree burglary and second degree burglary. He was sentenced to terms of imprisonment for 15 years and 7 years, to run concurrently. Those sentences were pronounced before and his motion under Rule 27.26 was pending on January 1, 1988. The proceedings upon that motion for post-conviction relief are governed by Rule 27.-26. The motion court denied the movant's amended motion without an evidentiary hearing. He states two points on appeal.

■ The movant's first point is that he was entitled to an evidentiary hearing because he alleged "trial counsel failed to file a motion to suppress movant's confession and coerced movant into entering a plea of guilty against his will...."

'When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea. He may only attack the voluntary and intelligent character of the guilty plea by showing that the advice he received from counsel was not within the standards set

forth in *McMann [v. Richardson*, 397 U.S. 759, 90 S.Ct. 1441, 25 L.Ed.2d 763 (1970) ].' *Tollett v. Henderson*, 411 U.S. 258, 266–267, 93 S.Ct. 1602, 1608, 36 L.Ed.2d 235 (1973).

*Goodwin v. State*, 502 S.W.2d 269, 272 (Mo.1973). After a guilty plea, the allegation of ineffective assistance because counsel failed to file a motion to suppress does not state a basis for relief. *Nolan v. State*, 734 S.W.2d 604 (Mo.App.1987).

■ Nor does the allegation movant was coerced into entering a plea of guilty state a basis for relief. This allegation considered by itself does not require a hearing. It is merely the ineffective assertion of a conclusion. *Pickett v. State*, 690 S.W.2d 826 (Mo.App.1985). If the point is construed to assert that movant was so coerced because counsel failed to file a motion to suppress, it still does not establish error. The record shows the movant entered the pleas as a result of a plea bargain in which the state agreed to dismiss an unspecified number of undescribed charges and "file no other" charges. His signed statement acknowledges that he had not been threatened or intimidated in any manner to cause him to enter his pleas. He told the court he was pleading guilty because of the plea bargain. The claim of coercion was refuted by the record and provided no basis for a hearing. *Townsend v. State*, 740 S.W.2d 328 (Mo.App. 1987); *Bennett v. State*, 662 S.W.2d 874 (Mo.App.1983).

■ By his second point, movant contends the trial court erred because his motion "raised a sufficient issue of fact to entitle him to an evidentiary hearing as to whether movant was suffering withdrawal symptoms from drug abuse, mental disease, and duress resulting from his period of pretrial confinement that would render his plea of guilty involuntary...." His point does not comport with his motion. His pro se motion alleged he was on drugs at the time of the crime and did not appreciate the nature of the crime. This is no basis for post-trial relief. His amended motion pleads two additional grounds. First, he alleged his pleas were the result of duress resulting from his pretrial confinement. Second, he alleged his counsel failed to work diligently and caused him to give up hope and enter the pleas. Viewed as assertions of duress, as stated, these allegations are refuted by the record. *Eakins v. State*, 734 S.W.2d 290 (Mo.App. 1987). If the second allegation is viewed as asserting the ineffective assistance of counsel, the pleaded conclusion states no basis for a hearing. *Boggs v. State*, 742 S.W.2d 591 (Mo.App.1987); *Gaines v. State*, 639 S.W.2d 873 (Mo.App.1982).

The amended motion does plead that in support of his allegation of duress he would testify "he was suffering from severe withdrawal symptoms from drug abuse and ... he was suffering from a severe mental disease." He added that a physician who treated him for cutting his wrist while in jail would testify he was mentally incapable of entering a voluntary plea of guilty.

■ Even considering these allegations of anticipated evidence, the movant's pro se and amended motions state no basis for a hearing because he was mentally incompetent. This is obviously true because he does not allege his plea was involuntary and unintelligent because he was incompetent. Moreover, his general statements of drug abuse and incompetence are not statements of fact which call for a hearing. *State v. Wagoner*, 403 S.W.2d 592 (Mo. 1966); *State v. Lillibridge*, 399 S.W.2d 25 (Mo.1966), cert. denied, 384 U.S. 956, 86 S.Ct. 1579, 16 L.Ed.2d 551 (1966); *Capraro v. State*, 715 S.W.2d 11 (Mo.App.1986); *Smith v. State*, 674 S.W.2d 634 (Mo.App. 1984). Even his general statements are refuted by the record. *Smith v. State*, 513 S.W.2d 407 (Mo. banc 1974), cert. denied, 420 U.S. 911, 95 S.Ct. 832, 42 L.Ed.2d 841 (1975) (overruled on other grounds, *Fields v. State*, 572 S.W.2d 477 (Mo. banc 1978)); *Stewart v. State*, 678 S.W.2d 439 (Mo.App. 1984). The movant's second point has no merit and the judgment is affirmed.

FLANIGAN, P.J., and HOGAN, J., concur.