Michael TABOR, Movant–Appellant,

v.

STATE of Missouri, Defendant–Respondent.

No. 15864.

Missouri Court of Appeals, Southern District, Division Two.

March 8, 1989.

Jim Lynn, Columbia, for movant-appellant.

William L. Webster, Atty. Gen., Breck K. Burgess, Asst. Atty. Gen., Jefferson City, for defendant-respondent.

FLANIGAN, Presiding Judge.

Movant Michael Tabor appeals from an order denying, after evidentiary hearing, his Rule 27.26 [1] motion to set aside a judgment and sentence for selling marijuana. The conviction was entered on April 20, 1981, in the Circuit Court of Laclede County, pursuant to a plea of guilty. On that date the trial court imposed a punishment of ten years' imprisonment, stayed execution of that sentence, and placed defendant on probation for a period of five years. On November 2, 1981, after an evidentiary hearing, the trial court revoked defendant's probation and ordered execution of the sentence. Later movant filed his Rule 27.26 motion.

On this appeal movant asserts that he was entitled to relief on his motion because his guilty plea was involuntary and the trial court erred in ruling otherwise. The alleged involuntariness of the plea was due to ineffective assistance of movant's counsel at the guilty plea hearing in the following respects: (a) Counsel failed to apprise movant fully "of all of the elements of the offense with which he was charged and all available defenses"; and (b) "Counsel misled movant as to the length of term of imprisonment he would have to serve before being paroled—counsel advised movant that he would be incarcerated for less than a year when in fact movant was imprisoned for three years, and had movant been aware of the term of imprisonment he would have been required to serve before being paroled he would not have pled guilty."

In support of prong (a) movant points to his testimony, at the motion hearing, to the effect that his attorney did not inform him, prior to the entry of his plea, that "the state would be obligated to prove beyond a reasonable doubt that he 'knowingly' possessed a controlled substance." Movant's brief also says, "Counsel did not discuss with [movant] the defense of drug or alcohol intoxication." Movant's brief mentions § 562.076 which, prior to its amendment in 1983, permitted the defense of voluntary intoxication under certain circumstances.

"[E]ven if movant's counsel did fail to inform him of the elements of the crime, it would not necessarily invalidate his plea of guilty. The inquiry is whether the alleged ineffectiveness of counsel vitiated the requisite understanding and voluntariness of the plea.... There is no requirement that counsel explain the technical elements of the offense, only that the defendant understand the nature of the charge." *Byrd v. State*, 726 S.W.2d 402, 404[4] (Mo.App. 1987), (citing authorities). However, there is no need to determine whether that principle is dispositive in the instant case. The fact is that on April 20, 1981, movant entered *two* guilty pleas, one to the charge of selling marijuana on August 15, 1980, and one to the charge of possessing tuinal, a controlled substance, on March 22, 1980. The testimony on which movant relies to support prong (a) dealt with his plea to the possession charge. Movant testified that he was "on drugs" on the date he possessed the tuinal, "did not know what I was doing in this particular case," and did not know "that I had this controlled substance on me in my possession."

■ The only plea under attack in this proceeding is the one to the charge of selling marijuana. As to that offense movant testified, at the motion hearing, that his "physical health" and "mental health" were good on the date of the sale. Movant offered no testimony, at the guilty plea hearing or at the motion hearing, that his faculties were impaired in any respect at the time of the sale of the marijuana. Prong (a) has no merit.

1. All references to rules are to Missouri Rules of Court, V.A.M.R., and all references to statutes are to RSMo 1986, V.A.M.S. Rule 27.26 was repealed, effective Jan. 1, 1988, by order of the Supreme Court of Missouri, and new rules were adopted in lieu thereof. On the instant appeal, post-conviction relief continues to be governed by the provisions of Rule 27.26, because the sentences were pronounced prior to Jan. 1, 1988, and movant's motion under Rule 27.26 was then pending. See Rule 24.035(*1*), effective Jan. 1, 1988.

In support of prong (b) movant cites his own testimony at the motion hearing to this effect: "I did not understand by my entering a plea of guilty [to the charge of selling marijuana] that I would have to serve ten years of my life in the Missouri Department of Corrections. I was under the impression that I would go in for six months and go up for parole and be out within a year. That's what I was led to believe from my counsel. That has not occurred. I served 36 months prior to going out on parole. If I had known I was going to serve substantially more than one year I would not have entered a plea of guilty." Movant's brief emphasizes that the foregoing testimony was uncontradicted.

■ The trial court had the right to reject the testimony of movant even if it was uncontradicted. *Chamberlain v. State*, 703 S.W.2d 43, 46[2] (Mo.App.1985). Although "[d]efense attorneys' firm and unequivocal promises of parole made to induce guilty pleas have been held to be proper bases for granting Rule 27.26 motions," *Hutchins v. State*, 624 S.W.2d 191, 192 (Mo.App.1981) (citing authorities), the trial court, in its order denying the motion, rejected the foregoing testimony of movant. The order stated, in pertinent part, "Movant did not explain upon what he based his conclusion regarding how long he would be confined if his probation was revoked. The record at the time of movant's plea of guilty shows that movant was advised that his sentence was for ten years pursuant to a negotiated plea agreement which movant acknowledged. *No other assurances were given movant.* Upon the foregoing facts, movant was not deprived of effective assistance of counsel. There has been no showing of any action by counsel which affected the voluntariness of movant's plea of guilty." (Emphasis added.)

■ The record of the guilty plea hearing proceeding supports fully the quoted portion of the order. At that hearing movant was informed by the court of the range of punishment for selling marijuana. As part of a plea agreement the prosecutor recommended to the court that movant be sentenced to a term of ten years with a stay of execution and immediate probation for a term of five years. The court followed that recommendation. The plea agreement also included the dismissal of two separate charges against movant. In entering his plea, movant testified that he was aware of the elements of the plea bargain and that his plea was voluntary and was entered for the sole reason that he was guilty of the offense charged. He also stated, at the plea hearing, that his counsel had told him that if he violated probation "that in all likelihood [he] would have to serve any term the court might give him" and that he understood that term to be ten years and that he would be "caused to serve that time."

■ In this Rule 27.26 proceeding appellate review is limited to a determination of whether the findings, conclusions and judgment of the trial court are clearly erroneous. Rule 27.26(j). The action of the motion court, in rejecting movant's contention that "counsel misled movant as to the length of term of imprisonment he would have to serve before being paroled," is not clearly erroneous and indeed is fully supported by the record. Prong (b) has no merit.

The judgment is affirmed.

PREWITT and MAUS, JJ., concur.