Edward ISOM, Movant–Appellant,

v.

STATE of Missouri, Respondent–Respondent.

No. 16078.

Missouri Court of Appeals, Southern District, Division Two.

Sept. 7, 1989.

**64**

Andrew C. Bullard, Public Defender, Kennett, for movant-appellant.

William L. Webster, Atty. Gen., Ronald L. Jurgeson, Asst. Atty. Gen., Jefferson City, for respondent-respondent.

FLANIGAN, Presiding Judge.

Movant Edward Isom appeals from an order denying, after an evidentiary hearing, his Rule 27.26[1] motion to set aside a judgment and 30-year sentence for second degree murder. The conviction was entered on November 7, 1986, in the Circuit Court of Pemiscot County pursuant to a plea of guilty.

Movant's sole point is that his guilty plea was entered involuntarily by reason of ineffective assistance of counsel and that the trial court erred in ruling otherwise. At the time of the entry of the plea, attorney Wesley Coleman represented movant. Specifically, movant asserts that his guilty plea was entered as a result of coercion consisting of the following acts and omissions on the part of attorney Coleman: (a) threatening movant with the death penalty; (b) failing to advise movant that the state had the burden of proving movant's guilt; and (c) failing to explore possible defenses, including self-defense.

Appellate review in this proceeding is limited to a determination of whether the findings, conclusions, and judgment of the trial court are clearly erroneous. Rule 27.-26(j) (Rep. Feb. 11, 1987, effective Jan. 1, 1988). Movant had the burden, in the trial court, of establishing his grounds for relief by a preponderance of the evidence. Rule 27.26(f) (Rep. Feb. 11, 1987, effective Jan. 1, 1988).

Where a criminal defendant enters his guilty plea upon the advice of counsel, the voluntariness of the plea depends on whether counsel's advice was "within the range of competence demanded in a criminal case." *Hill v. Lockhart,* 474 U.S. 52, 106 S.Ct. 366, 369, 88 L.Ed.2d 203 (1985).

"[T]he two-part *Strickland v. Washington* [466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984)] test applies to challenges to guilty pleas based on ineffective assistance of counsel. In the context of guilty pleas, the first half of the *Strickland v. Washington* test is nothing more than a restatement of the standard of attorney competence already set forth in *Tollett v. Henderson,* supra, [411 U.S. 258, 93 S.Ct. 1602, 36 L.Ed.2d 235 (1973)] and *McMann v. Richardson,* supra, [397 U.S. 759, 90 S.Ct. 1441, 25 L.Ed.2d 763 (1970)]. The second, or 'prejudice,' requirement, on the other hand, focuses on whether counsel's constitutionally ineffective performance affected the outcome of the plea process. In other words, in order to satisfy the 'prejudice' requirement, the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Id.* 106 S.Ct. at 370. (Emphasis added.

The record contains a transcript of the guilty plea proceedings. At that hearing, in response to questioning by the court, movant stated that he was fully satisfied with "my representation by Mr. Coleman" and that no one had forced him or threatened him or promised him anything in order to cause him to enter a plea of guilty. Pursuant to the plea bargain the prosecutor, by amending the information, reduced the charged offense from first degree murder to second degree murder. The prosecutor informed the court that he was prepared to put on "at least three eyewitness-

---

**1.** All references to rules are to Missouri Rules of Court, V.A.M.R. Rule 27.26 was repealed, effective Jan. 1, 1988, by order of the Supreme Court of Missouri, and new rules were adopted in lieu thereof. On the instant appeal, post-conviction relief continues to be governed by the provisions of Rule 27.26, because the sentence was pronounced prior to Jan. 1, 1988, and movant's motion under Rule 27.26 was then pending. See Rule 24.035(*l*), effective Jan. 1, 1988.

es who would testify they were there; that they saw the defendant shoot [the victim], and would be prepared to point him out to the jury and identify him as the person who shot [the victim]." The prosecutor also informed the court that he had additional witnesses who would testify that the defendant was present at the scene of the crime.

Attorney Coleman informed the court that he had "deposed" the state's witnesses and was aware of what they would say and that he had discussed "all of this" many times with movant.

At the motion hearing attorney Coleman, called as a state's witness, testified in part as follows:

"Q. At the time of this plea was it your opinion, based on your experience, that the Movant was in danger of being convicted of murder in the first degree and receiving a punishment of the gas chamber?

A. I was very concerned about that, yes. In my opinion, based on the research and investigation that I had done, it appeared to me that Edward Isom could very [sic] be convicted of murder in the first degree."

On cross-examination by movant's counsel, attorney Coleman testified:

"Q. Did you make a substantial effort to convince him to plead guilty?

A. I explained to Edward what my assessment of this case was; I explained to him that I felt, based on experience, that he, if he went to trial he would be convicted, and, and based on that assessment I did encourage, once the Prosecutor offered the plea-bargain down to second degree, I did encourage my client to accept it, yes.

Q. But you don't feel your encouragement rose to the level of coercion.

A. No.

Q. Did you tell Mr. Isom that if he didn't enter this plea of guilty he was gonna go to the gas chamber?

A. I did not put it that way. I told him that if he went to trial on murder in the first degree and not take the plea-bargain, that one of the possibilities was death, one punishment, and, of course,

that does entail the gas chamber in the State of Missouri, yes. I may have said the gas chamber."

■ The trial court found that movant's plea of guilty was entered "freely and voluntarily" and "with full understanding of the consequences of the plea." Although movant, at the motion hearing, testified that his counsel "coerced me into pleading guilty," the trial court had the right to reject the testimony of movant even if it had been uncontradicted. *Tabor v. State,* 766 S.W.2d 178, 180[2] (Mo.App.1989). The trial court was entitled to believe the testimony of attorney Coleman that if movant had gone to trial on the charge of first degree murder, a death sentence was possible.

"Sound advice by counsel does not constitute coercion merely because it is unpleasant to hear." *Davis v. State,* 754 S.W.2d 593, 594 (Mo.App.1988). Moreover, "[a] plea of guilty entered to avoid the possibility of the death penalty is not thereby rendered involuntary." *Conn v. State,* 769 S.W.2d 822, 828[4] (Mo.App.1989).

■ The finding of the trial court that movant's plea was entered freely and voluntarily is not clearly erroneous and, indeed, is fully supported by the record. The record did not mandate a finding that the plea was entered because movant was threatened by attorney Coleman with the death penalty. The trial court properly concluded that there was no such threat. There is no merit in prong (a) of movant's point.

The argument portion of movant's brief makes no mention of prong (b). A point "not developed in any manner in the argument portion of the brief" is not properly presented for review. *Bopp v. Spainhower,* 519 S.W.2d 281, 286[7] (Mo. banc 1975). Moreover, no plain error appears. Movant testified that before he was represented by attorney Coleman he was represented by another attorney who, so movant admitted, "advised you of all of your rights." Movant also admitted that he knew that "the state had to prove that you did it."

■ It is also true that there was no testimony by movant to constitute a show-

**66**

ing, as required under *Hill v. Lockhart*, supra, that "but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial."

Rule 24.02(b) requires the court, before accepting a plea of guilty to a felony, to inform the defendant of certain matters. The state's burden of proof is not specifically listed among such matters. Although Rule 24.02(c) precludes the court from accepting a plea of guilty to a felony without first determining that the plea is voluntary, that rule makes no specific mention of the state's burden of proof. It has been said, in a Rule 27.26 appeal, "Movant did not have a right to be specifically informed of each detail of the trial by jury he was waiving." *Orr v. State*, 607 S.W.2d 187, 188 (Mo.App.1980). That statement is repeated in *Gaines v. State*, 639 S.W.2d 873, 875 (Mo.App.1982). This court's gratuitous review of prong (b) of movant's point discloses no plain error.

The argument portion of movant's brief makes no mention of prong (c) and thus it, like prong (b), has not been preserved for appellate review. *Bopp v. Spainhower*, supra. Although prong (c) seeks to criticize attorney Coleman for "failing to explore possible defenses, including self-defense," the statement of facts portion of movant's brief mentions no possible defense except self-defense. Moreover, that portion of movant's brief fails to set forth any alleged facts on which the defense of self-defense might have been predicated. The argument portion of movant's brief is similarly silent with respect to any alleged facts on which such a defense might be predicated. Movant testified at the motion hearing that his defense was that he "wasn't there when it happened ... When he got killed I was not there." This court's gratuitous review of prong (c) discloses no plain error.

The judgment is affirmed.

HOGAN and PREWITT, JJ., concur.