Jerry Lee PATRICK, Appellant,

v.

STATE of Missouri, Respondent.

No. 13822.

Missouri Court of Appeals,
Southern District,
Division Two.

Sept. 16, 1985.

C.J. Larkin, Columbia, for appellant.

William L. Webster, Atty. Gen., Thomas Carter, II, Asst. Atty. Gen., Jefferson City, for respondent.

CROW, Judge.

Jerry Lee Patrick ("movant") appeals from a judgment denying his pro se motion under Rule 27.26 [1] to vacate his conviction of the felonies of burglary in the second degree and stealing, for which he received consecutive sentences of 3 years' imprisonment. Execution of the sentences was initially suspended and movant was placed on probation; however, the probation was subsequently revoked, resulting in movant's incarceration.

Some 3 years and 4 months after the revocation, movant filed the motion to vacate. Upon its filing, the circuit court appointed the public defender to represent movant and granted 30 days "to file Amended Motion, if desired."

More than 3 months passed without the filing of an amended motion. At that point, the circuit court held a hearing to determine whether an evidentiary hearing on the pro se motion was necessary. Mov-

ant's attorney (hereafter denominated "motion counsel" [2]) appeared at that hearing. Evidently, no record was made at the hearing, as no transcript thereof has been furnished us.

Ten days later, the circuit court filed written findings of fact, conclusions of law, and judgment denying the pro se motion without an evidentiary hearing. This appeal followed.

Movant's sole assignment of error is:

"The trial court erred in dismissing [movant's] motion under Rule 27.26 because appointed counsel had not complied with subsection (h) [3] of the rule in that counsel had a duty to amend [movant's] motion to present his claims in a lawyer-like fashion and had failed to do so."

The assignment of error, in asserting that the circuit court dismissed movant's motion, misstates the record. The circuit court, as explained earlier, adjudicated the motion on the merits and denied relief. That was not a dismissal.

Movant's conviction resulted from pleas of guilty to both of the felonies heretofore mentioned. Movant was represented by an assistant public defender when the pleas were entered. That assistant public defender—a different attorney than motion counsel—is hereafter denominated "plea counsel." The judge who accepted the pleas and assessed the sentences is hereafter denominated the "plea court." That judge was a different one than the judge who adjudicated the pro se motion. The latter is hereafter denominated the "motion court."

A transcript of the guilty plea proceeding was before the motion court when that court ruled on the pro se motion. It ap-

---

**1.** Rule references are to Missouri Rules of Criminal Procedure (15th ed. 1984).

**2.** Motion counsel is not the attorney representing movant on this appeal.

**3.** Rule 27.26(h) provides, in pertinent part: "Counsel shall be given a reasonable time to confer with the prisoner and to amend the motions filed hereunder if desired. Counsel shall have the duty to ascertain from the prisoner the

facts supporting the grounds asserted in the motion and if those facts are not sufficiently stated in the motion, counsel shall file an amended motion. Counsel also shall ascertain from the prisoner whether he has included all grounds known to him as a basis for attacking the judgment and sentence and, if not, shall file an amended motion which also sufficiently alleges any additional grounds and the facts in support thereof."

pears from the plea transcript that movant, in connection with the entry of his pleas, had filled out a three-page questionnaire regarding sundry legal rights and the factual basis for the pleas.

The motion court, in its findings of fact and conclusions of law, determined that the pro se motion asserted these four grounds for relief: (1) the plea court failed to advise movant of his right against self-incrimination if he stood trial, (2) the plea court failed to advise movant that he could be found guilty of trespass rather than a felony, (3) the plea court failed to make an inquiry as to the factual basis for the pleas, and (4) the plea court was without legal authority to impose consecutive sentences for burglary and stealing.

In denying the pro se motion, the motion court held that grounds "(1)" and "(3)" were refuted by the transcript of the guilty plea proceeding and the questionnaire, and that grounds "(2)" and "(4)" supplied no basis for relief as a matter of law.

Movant assigns no error regarding any of those rulings by the motion court, nor does movant assert that there were any grounds for relief in the pro se motion that the motion court overlooked, misunderstood or neglected to decide.

Instead, movant's contention, as we comprehend it from the argument portion of his brief, is that plea counsel "may have failed to sufficiently consult with [movant]" by failing to advise him that if he stood trial, there was a possibility that he could be found guilty of a "lesser charge." Movant theorizes that if motion counsel had reviewed the pro se motion and filed an amended motion, an allegation that plea counsel was derelict in the respect just mentioned "would likely have been made." Movant maintains that the failure of motion counsel to amend the pro se motion demonstrates that movant failed "to receive adequate counsel under Rule 27.-26(h)." That issue, says movant, is properly before us in our determination of the propriety of the motion court's denial of the pro se motion without amendment.

Distilled to essentials, movant is asserting that he received ineffective assistance from motion counsel in that motion counsel should have filed an amended motion alleging that movant received ineffective assistance from plea counsel in that plea counsel should have advised movant "of the possibility of being found guilty of a lesser charge if he took his case to trial."

In tendering this hypothesis, movant acknowledges the general rule that a claim of ineffective assistance of counsel in a Rule 27.26 proceeding is not cognizable in a subsequent Rule 27.26 proceeding. *See: Brauch v. State,* 653 S.W.2d 380 (Mo. banc 1983); *State v. Brown,* 633 S.W.2d 301 (Mo.App.1982); *Williams v. State,* 507 S.W.2d 664 (Mo.App.1974). Movant reasons that he should therefore be allowed, on this appeal, to raise the issue of ineffective assistance of motion counsel. He refers us to *Stewart v. State,* 678 S.W.2d 439 (Mo.App.1984), where a prisoner, on appeal from a judgment denying a motion to vacate under Rule 27.26, contended that he received ineffective assistance of counsel in processing the motion. In *Stewart,* the cause was remanded for an evidentiary hearing on another issue; consequently, the appellate court did not address the complaint about the ineffectiveness of counsel in processing the 27.26 motion. Movant concludes from *Stewart* that the "reviewability," on the instant appeal, of the effectiveness of motion counsel in the proceedings below, is an "open" question.

Significantly absent from movant's assignment of error or argument is any hint as to what "lesser charge" plea counsel should have told movant about. The only clue anywhere in the record is an allegation in the pro se motion that movant "could be guilty of trespass rather than a felony."

On the record before us, a contention that trespass was a lesser included offense of the second degree burglary to which movant pleaded guilty is without merit. The information charging movant with burglary in the second degree and stealing alleged, in substance, that movant, on or about November 23, 1978, broke into and

entered a package liquor store and carried away 10 cases of beer of the aggregate value of over $50. At the plea hearing, movant solemnly admitted to the plea court that he had in fact engaged in that conduct.

▉▉▉▉ At the time movant committed the burglary, the crime of burglary in the second degree was defined by § 560.070, RSMo 1969. Trespass, at that time, was not a lesser included offense of burglary in the second degree as charged against movant, and to which he pleaded guilty.[4] *State v. Meeks*, 458 S.W.2d 245, 247–48[3] (Mo. 1970); *State v. Price*, 365 S.W.2d 534, 538[7] (Mo.1963), *cert. denied*, 374 U.S. 811, 83 S.Ct. 1702, 10 L.Ed.2d 1034 (1963); *State v. Stone*, 571 S.W.2d 486, 487–88[7] (Mo.App.1978). Consequently, any contention that plea counsel was ineffective in failing to advise movant that he could possibly have been convicted of trespass would have, as a matter of law, afforded no ground for relief.

That being so, we need not, and do not, comment on whether movant's contention that motion counsel was ineffective in failing to amend the pro se motion to allege that plea counsel was ineffective in neglecting to advise movant of the possibility of being convicted of a "lesser charge" is cognizable on this appeal.

▉▉▉ We do observe, however, that if a circuit court, in a proceeding under Rule 27.26, undertakes to rule on a pro se motion after counsel for the prisoner has had sufficient time to file an amended motion and has failed to do so, it would be prudent for the circuit court to determine, in some appropriate way, that the pro se motion contains all of the grounds known to the prisoner as a basis for attacking the conviction and that the prisoner does not desire that an amended motion be filed or that any further grounds for relief be asserted. *See generally: Pool v. State*, 634 S.W.2d 564 (Mo.App.1982). Such an inquiry would preclude a later contention by the prisoner that his counsel was remiss in failing to file an amended motion or in failing to assert a ground for relief that the prisoner desired to raise.

▉▉▉ We do not imply that the disposition of a Rule 27.26 motion should be unduly delayed to accommodate infinite amendments and additions. We suggest only that once counsel has had adequate time to discharge the duties under Rule 27.26(h),[5] the circuit court, before ruling on a pro se motion without an evidentiary hearing, ascertain that the prisoner does not desire to file an amended motion or to assert any additional grounds for relief. We see no necessity for the prisoner to be present when the court makes that inquiry. Counsel for the prisoner will presumably have communicated with the prisoner and will have authority to make the appropriate announcement.

▉▉▉ Such an inquiry should be no burden on the circuit court because, as pointed out in *Riley v. State*, 680 S.W.2d 956, 958[2] (Mo.App.1984), the better procedure in a proceeding under Rule 27.26 is for the circuit court, after the prisoner has obtained either retained or appointed counsel, to give notice of its intention to rule on a specific date on the issue whether an evidentiary hearing will be granted. Oral argument on that question should be ac-

---

4. Burglary in the second degree is presently proscribed by § 569.170, RSMo 1978, which became effective January 1, 1979. Laws 1977, S.B. 60, pp. 658–718. Because movant's burglary was committed before that date, cases such as *State v. Davis*, 625 S.W.2d 903, 905[4] (Mo. App.1981) and *State v. Neighbors*, 613 S.W.2d 143, 146–47[1] (Mo.App.1980), holding that trespass in the first degree is a lesser included offense of burglary in the second degree as defined by § 569.170, RSMo 1978, are no help to movant. Furthermore, even if movant's offenses had been committed on or after January 1, 1979, *Davis* and *Neighbors* would not benefit movant. Under the facts admitted by him at the plea hearing, there would have been no basis for a verdict acquitting him of burglary in the second degree and convicting him of trespass in the first degree. Accordingly, under § 556.046.-2, RSMo 1978, there would have been no duty on the part of the trial judge to submit trespass to the jury. *Davis*, 625 S.W.2d at 905–06[4, 5]; *Neighbors*, 613 S.W.2d at 147–48[5, 6].

5. Footnote 3, *supra*.

corded if requested, consistent with local rules. *Id.*

■ The motion court followed that procedure in the instant case. Motion counsel appeared at the hearing on the issue whether an evidentiary hearing on the pro se motion was necessary. That would have been a suitable time for the motion court to have ensured, on the record, that movant did not want to file an amended motion or to add any grounds for relief.

The absence of such a determination in the instant case supplies no basis for reversal, however, inasmuch as the only ground for relief that movant now says that motion counsel should have added is, as heretofore explained, destitute of merit.

The judgment denying movant's motion to vacate is, accordingly, affirmed.

PREWITT, C.J., HOGAN, P.J., and MAUS, J., concur.