**William Isaac JONES, Appellant,**

v.

**STATE of Missouri, Respondent.**

**No. WD 37191.**

Missouri Court of Appeals, Western District.

Dec. 24, 1985.

Thomas J. Marshall, Moberly, for appellant.

William L. Webster, Philip M. Koppe, Kansas City, for respondent.

Before CLARK, C.J., and TURNAGE, and KENNEDY, JJ.

PER CURIAM:

Jones was convicted of stealing property valued at $150 or more and sentenced to three years imprisonment after he entered a plea of guilty. He subsequently filed a *pro se* Rule 27.26 motion which the trial court dismissed without an evidentiary hearing, and he now appeals.

The judgment is reversed.

Jones's conviction and sentence were entered pursuant to his guilty plea. At the plea proceeding, Jones expressed some initial reservation regarding his plea after he was informed that there was no guarantee that he would be placed on probation. However, when the court proposed to enter a plea of not guilty on his behalf and to continue the case so that he could discuss the matter further with his attorney, Jones stated that he wished to proceed with the case and enter his guilty plea at that time.

The court then directed additional inquiries to Jones regarding his opportunity to discuss the case with his attorney. Jones indicated that he had spoken with his attorney twice previously and that the only matter he still had questions about was probation. After engaging in further discussion with his attorney regarding the decision to plead guilty or proceed to trial, Jones entered his plea.

On the basis of a pre-sentence investigation report, the court determined that Jones was not a suitable candidate for probation and thus sentenced him to three years imprisonment. Jones then filed a *pro se* Rule 27.26 motion, alleging *inter alia* that he received inadequate counseling and that his attorney failed to appear prior to the day of the trial. The state responded with a motion to dismiss the Rule 27.26 motion without an evidentiary hearing. Although counsel had been appointed to represent Jones, no amended motion to vacate was ever filed and the court, upon determining that Jones had not pleaded facts, but only conclusions and that such were conclusively repudiated in the record of the plea proceeding, sustained the motion to dismiss.

There was no amended motion filed. The record does not show that movant's appointed counsel interviewed movant.

Jones contends on appeal that the trial court's order, dismissing his motion for post-conviction relief without affording him an evidentiary hearing, was clearly erroneous. In resolving his claim, the court applies the rule that: "A 27.26 movant, in order to be entitled to an evidentiary hearing, must plead *facts*, not conclusions, which, if true, would entitle him to relief and must show that such factual allegations are not refuted by facts elicited at the guilty plea hearing.... (Emphasis in original.)" *Rice v. State*, 585 S.W.2d 488, 492

(Mo.banc 1979), *citing Smith v. State*, 513 S.W.2d 407, 411 (Mo.banc 1974), cert. denied 420 U.S. 911, 95 S.Ct. 832, 42 L.Ed.2d 841 (1975). Jones asserts that his motion did present unrefuted facts warranting relief. He specifically points to the allegations that he received inadequate counseling and that his attorney did not show up until the day of court.

The record directly contradicts Jones's assertion that his attorney did not show up until the day of court. Jones testified that he had talked with his attorney twice before—once in Boonville and once in Fayette. Jones offered no other facts to support his allegation of inadequate counseling and such contention was thus insufficient to merit an evidentiary hearing. However, in this case as in *McAlester v. State*, 658 S.W.2d 90, (Mo.App. 1983), appointed counsel failed to satisfy his duty to ascertain from the prisoner whether he had stated all known grounds for relief, to amend the motion to include any additional claims, and if necessary, to more fully and accurately allege the grounds stated in the *pro se* motion. *Fields v. State*, 572 S.W.2d 477, 482 (Mo. banc 1978). Furthermore, the trial court failed to make specific findings of fact and conclusions of law on all issues presented as required by *Fields*, 572 S.W.2d at 483, and Rule 27.26(i).

Therefore, the judgment is reversed and remanded with directions that Jones be given the opportunity to amend his motion with the aid of counsel and that the trial court consider the matter and enter its findings of fact and conclusions of law in compliance with *Fields* and Rule 27.26. *McAlester*, 658 S.W.2d at 92–93.