Rick **WOOLSEY**, Appellant,

v.

**STATE of Missouri**, Respondent.

No. WD 38943.

Missouri Court of Appeals,
Western District.

Aug. 4, 1987.

Motion for Rehearing and/or Transfer to Supreme Court Denied Sept. 29, 1987.

Application to Transfer Denied
Nov. 17, 1987.

---

**484**

Melinda K. Pendergraph, Columbia, for appellant.

William L. Webster, Atty. Gen., Elizabeth A. Levin, Asst. Atty. Gen., Jefferson City, for respondent.

Before TURNAGE, P.J., and BERREY and GAITAN, JJ.

TURNAGE, Presiding Judge.

Woolsey was convicted of capital murder and sentenced to life imprisonment without possibility of parole for fifty years. After the conviction was affirmed in *State v. Woolsey*, 664 S.W.2d 37 (Mo.App.1984), he sought relief pursuant to Rule 27.26. His motion for post-conviction relief was denied after an evidentiary hearing and he now appeals, alleging only that the trial court erred in denying his motion for post-conviction relief when counsel had failed to file an amended motion presenting any possible grounds for relief that may have been omitted from the original *pro se* motion.

The judgment is affirmed.

Woolsey initiated this action by filing a *pro se* motion which alleged lack of jurisdiction as the sole ground for vacating his conviction and sentence. Two attorneys were appointed to represent him, but in the intervening two years prior to the eviden-

tiary hearing neither filed an amended motion on his behalf. During that period, Woolsey himself filed an amended motion claiming, as an additional ground for relief, that the jury panel selected for his trial was death qualified in that prospective jurors opposed to the death penalty were excluded. At the hearing itself, he was allowed to testify as to several other claimed grounds for relief, but all were found to be lacking in merit.

On appeal, Woolsey presents a single point of error. He alleges that he was improperly denied post-conviction relief due to his attorney's [1] failure to comply with Rule 27.26(h) which imposes upon counsel the duty to ascertain whether all grounds known as a basis for attacking the judgment and sentence were included in the motion and, if they were not, to file an amended motion presenting the additional grounds. In arguing the point, he cites, *inter alia, Jones v. State*, 702 S.W.2d 557 (Mo.App.1985), and *McAlester v. State*, 658 S.W.2d 90 (Mo.App.1983), for the proposition that the judgment should be reversed and remanded to allow him to file an amended motion with the aid of counsel.

The holdings in *Jones, supra*, and *McAlester, supra*, are inapposite to the case at bar. In each case, the *pro se* motion before the court stated conclusory grounds for relief which failed to include sufficient facts to warrant an evidentiary hearing. In *Jones*, there was no amended motion filed and in *McAlester*, the amended motion failed to include one of the plausible grounds raised in the *pro se* motion. In neither case was there any indication that factual support for the grounds could not be advanced. On the contrary, the record on appeal in each case affirmatively suggested the likelihood that such factual support was available.[2] Nevertheless, due to the absence of such supporting factual allegations, the motions were dismissed, with-

---

1. Although it is not clear from the record, apparently one of Woolsey's appointed attorneys was allowed to withdraw from the case as there is no further mention of him.

2. That is not to say that the existing records affirmatively demonstrated the movants were entitled to relief on their respective claims, but only the probability that with the proper assistance of counsel they would have obtained an evidentiary hearing to determine that issue.

out evidentiary hearings, on procedural as opposed to substantive grounds. Accordingly, this court concluded in each case that counsel's failure to file a properly amended motion resulted in summary dismissal depriving movant of the opportunity of having his claims addressed on the merits. Other cases cited for granting the extraordinary relief sought here similarly involved summary disposition due to procedural failures. *Lee v. State,* 729 S.W.2d 647 (Mo. App.1987); *Young v. State,* 724 S.W.2d 326 (Mo.App.1987); *Parcel v. State,* 637 S.W.2d 440 (Mo.App.1982).

The situation presented here is more closely analogous to *Patrick v. State,* 698 S.W.2d 18 (Mo.App.1985), than to *Jones* or *McAlester.* In *Patrick,* only the movant's *pro se* motion was before the trial court. It was denied without an evidentiary hearing upon the court's finding that the grounds raised either were refuted by the record or supplied no basis for relief as a matter of law. On appeal, Patrick claimed only that his motion had been improperly dismissed because his attorney had failed to comply with Rule 27.26(h). In support of his allegation, Patrick suggested an additional ground for relief that could have been raised in an amended motion. The court of appeals, after first noting that Patrick's motion had not been summarily dismissed but rather denied after adjudication on the merits, concluded that the proffered ground was specious and the judgment was affirmed.

In the case at bar, Woolsey's claim of error is even less colorable than that presented in *Patrick.* He makes only a bare allegation that his motion was improperly denied due to counsel's failure to file an amended motion. He does not claim that there were any additional grounds or supporting facts that could have been, but were not, presented on his behalf. He was granted an evidentiary hearing on the basis of the grounds raised in the *pro se* motion and amendment and those claims as well as others raised for the first time at the hearing were adjudicated on the merits. On appeal, he does not challenge the court's adverse rulings. The effect of his allegation is to simply assert that, absent an amended motion, he is entitled to a second opportunity to present his claims.

■ Counsel is not automatically required to file an amended motion in every case. Amendment is required where the *pro se* motion either fails to raise all known grounds for relief or fails to fully and accurately allege the grounds which are raised. Rule 27.26(h); *Fields v. State,* 572 S.W.2d 477, 482–83 (Mo. banc 1978). The rather extraordinary relief of remanding the case for amendment of the underlying motion was warranted in *Jones* and *McAlester* by clear indications in the record that the movant had a justiciable claim that did not receive consideration due to counsel's failure to properly present that ground in an amended motion. There is no such showing in the case at bar.

■ Granted, at the evidentiary hearing, Woolsey raised certain grounds for relief which had not been included in the original or amended *pro se* motions, and perhaps amendment would have been appropriate. Nevertheless, given that these additional grounds were reviewed on the merits, the fact that counsel failed, for whatever reason, to file an amended motion is really quite irrelevant and Woolsey has no cause to complain. Furthermore, it is not this court's intention to entertain what are in essence claims of ineffective assistance of 27.26 counsel. Such claims are not generally cognizable either on direct appeal, *Hubbard v. State,* 706 S.W.2d 289, 290 (Mo.App.1986); or in a subsequent motion. *Brauch v. State* 653 S.W.2d 380, 381 (Mo. banc 1983). Relief of the type granted in *Jones* and *McAlester* will be considered only in those rare cases presenting a similar set of circumstances.

Judgment affirmed.

All concur.