**STATE of Missouri, Respondent,**

v.

**Christian B.P. PEREZ, Appellant.**

**No. 54055.**

Missouri Court of Appeals,
Eastern District,
Southern Division.

April 4, 1989.

Nancy McKerrow, Office of State Public Defender, Columbia, for appellant.

William L. Webster, Atty. Gen., Robert V. Franson, Asst. Atty. Gen., Jefferson City, for respondent.

DOWD, Presiding Judge.

This case is a consolidated appeal under Rule 29.15(e) of defendant's direct appeal from his conviction of first degree assault and his appeal from the dismissal of his Rule 29.15 motion without an evidentiary hearing. We affirm.

On July 12, 1986, Randy Jones suffered a severe skull fracture which left him with abiding disabilities. Defendant-movant, Christian B.P. Perez, who was in his company during the time the injury occurred, was charged with assault in the first degree for hitting Mr. Jones in the head with a club. The cause went to trial before a jury on October 6, 1987.

Mr. Jones, a resident of Sedgewickville, Missouri, testified that he ran a seamless guttering business. He stated that he had known defendant when both men lived in Sedgewickville as children. Defendant subsequently moved to Ohio. After defendant returned to Sedgewickville in 1985 in need of a job, Mr. Jones hired him even though he knew defendant had no experience installing seamless guttering. After some time, Mr. Jones came to the conclusion that he would have to fire defendant because defendant's unproductiveness was causing him to lose money. On July 11, 1986, Mr. Jones informed defendant of his dissatisfaction.

On July 12, Mr. Jones arranged to meet defendant at a bar in Perryville, Missouri called The Place for the expressed purpose of meeting to travel to a job in St. Louis. Mr. Jones arrived around 3:00 p.m. When defendant arrived later, Mr. Jones informed him "in a polite way I just could no longer afford to pay him." Both men were drinking heavily; just before 6:00 p.m., the bartender refused to serve them more alcohol and they left a short time later. Once outside, Mr. Jones stated that defendant asked him for some money for the guttering work they had been doing in St. Louis. Mr. Jones refused, because the job was not completed, and defendant became enraged. The men engaged in a verbal argument, prompting Mr. Jones to fire defendant. Defendant then took Mr. Jones's wallet, Mr. Jones attempted to retrieve it, and they engaged in a "wrestling match."

After this point, Mr. Jones's memory became sketchy. He remembered "pulling myself up with my arms, my back against the brick wall and my legs straight out in front of me." The next thing Mr. Jones remembered was lying in the cab of his truck with his head near the passenger door and seeing defendant, standing outside the driver's door, holding an L-shaped tire iron then throwing it into the bed of the truck. The police did find Mr. Jones's tire iron in the back of his truck. Mr. Jones had no memory of defendant hitting

him. Mr. Jones next remembers waking up in a hospital in August suffering from loss of mobility caused by brain damage. He testified that at the time of trial his right side was "approximately 15% at what it was." Mr. Jones also claims that when his wallet was returned to his family after the incident money was missing.

The state also presented three witnesses who were at The Place on July 12. Gary Ruebke, Michael Pohlman and Robert Pohlman testified that they saw Mr. Jones and defendant at the bar and later saw defendant re-enter the bar and request assistance to move Mr. Jones. These men, and a few others, went outside and observed Mr. Jones apparently asleep in the truck. They woke Mr. Jones up and helped him exit the truck. Mr. Jones moved to the back of the truck, which was parked on an incline, and began to light a cigarette. He lost his balance, stumbled backward at a high speed out into the street, then he tripped and fell, landing on the back of his head with a loud crack. Mr. Jones, who was unconscious at this point, was then placed in defendant's car. Various people gave directions to the hospital, and defendant drove off.

Mr. Ruebke also testified that defendant returned to the bar some time later asking for help to pull his car out of a ditch. Mr. Ruebke took Mr. Jones's truck and went to assist. After removing the car from the ditch, he brought the truck to the hospital. Defendant later asked him to retrieve Mr. Jones's wallet, which he found in the passenger side visor of defendant's car.

Dr. Yong Kie Kim, the neurosurgeon who treated Mr. Jones, testified that when he saw Mr. Jones on the evening of July 12, he was in a deep coma due to a head injury. There was a two inch by two inch by one inch triangular depression on Mr. Jones's right forehead, above the hairline, with a linear crack extending to the left rear portion of the skull. Dr. Kim indicated that it appeared Mr. Jones had been hit at the point of the depression and that the injury was not consistent with a fall from a standing position. Because the coma was caused by prolonged intracranial

bleeding, Mr. Jones could have suffered initial unconsciousness from a concussion then awoken and not have fallen into a coma until later, when a large quantity of blood accumulated.

Defendant testified in his own behalf that no altercation occurred between himself and Mr. Jones, that he did not strike Mr. Jones in the head and that he considered Mr. Jones to be a friend. Defendant admitted he was not a good worker for Mr. Jones, but denied that Mr. Jones had ever complained to him or fired him. After the men left the bar, defendant claimed that Mr. Jones simply climbed into the cab of his truck and fell asleep. Knowing his friend was too drunk to drive to St. Louis, defendant waited 10 or 15 minutes then re-entered the bar to get help in moving Mr. Jones so that he could take him to St. Louis. Defendant acquired Mr. Jones's wallet after the fall when it dropped from his pocket. Defendant placed the wallet in the visor for safety.

The defense presented its own medical testimony from Dr. Robert Woolsey, a neurologist who had examined Mr. Jones's medical records. He stated that, considering Mr. Jones's large size and the speed at which he fell, the skull fracture could have resulted from the fall. With a linear fracture, the point of impact could be anywhere along the crack and the crack did run to the back of his head. On cross examination, however, he admitted that the records he reviewed did not indicate the depression on Mr. Jones's skull. In light of this additional fact, he felt the impact probably occurred at that point. He also explained a phenomenon called confabulation, where a head injury patient may "remember" events that never happened by combining a number of separate incidents into a single event.

The defense also presented a number of other witnesses who had observed Mr. Jones and defendant during the course of the evening. No one observed the two men during the short time between their exit from the bar and defendant's re-entry.

At the close of the evidence, defense counsel moved for acquittal on the ground

that the state had failed to prove its case. This motion was denied and the cause was submitted to the jury who returned a verdict of guilty. The judge subsequently sentenced defendant to thirty years in prison. Defendant filed an appeal from the judgment and later filed a Rule 29.15 motion for post conviction relief. The appeal was suspended pursuant to the outcome of the motion.

Defendant filed his pro se Rule 29.15 motion on May 20, 1988, claiming thirteen grounds for relief, twelve of which cited trial error and one of which claimed the information was insufficient. Counsel was appointed to represent movant and filed his appearance on June 16. On the same day, he requested 30 days to file an amended motion and requested an evidentiary hearing. The court gave counsel until July 25 to file an amended motion and set an evidentiary hearing for September 21. On August 16, when no amended motion had been filed, the state moved for dismissal without an evidentiary hearing. Defendant's counsel appeared alone before the trial judge on August 17 and the state's motion was granted. The findings and conclusions filed later stated that the motion failed to allege facts which could warrant relief because (1) the 12 points alleging trial error were not within the scope of a Rule 29.15 motion, *Crawford v. State*, 554 S.W.2d 491 (Mo.App.1977), and (2) the information was patently sufficient. Defendant's appeal of the denial of this motion is consolidated with his direct appeal.

Appellant's first point on appeal claims the trial court erred in denying the motion for acquittal because the state failed to prove criminal agency beyond a reasonable doubt. Specifically, the state failed to show that defendant caused Mr. Jones's injury.

■ When a defendant claims the evidence was insufficient to support submission of a case to the jury, the reviewing court must take as true all evidence and reasonable inferences that support the guilty verdict and disregard the rest. *State v. Wright*, 735 S.W.2d 137, 138 (Mo. App.1987). In the case at bar, the only evidence that defendant caused Jones's injury is circumstantial. Circumstantial evidence is that which does not directly prove the existence of a fact, but which produces a logical inference that such a fact exists. *State v. Lasley*, 583 S.W.2d 511, 516 (Mo. banc 1979). When a case rests on circumstantial evidence, that evidence must be inconsistent with any *reasonable* theory of innocence, but it need not demonstrate the impossibility of innocence or be absolutely conclusive of guilt. *State v. Rodden*, 728 S.W.2d 212, 213 (Mo. banc 1987).

■ Admittedly, the evidence in this case shows that a skull fracture such as Mr. Jones suffered could have been caused by his fall. Both doctors agree, however, that the depression on his forehead was almost certainly the point of impact. Thus, the fall could not explain this particular injury because Mr. Jones landed on the back of his skull and did not strike the front. When these medical facts are combined with the fact that defendant was the only person alone with Mr. Jones during the time the injury could have occurred, a strong inference arises that defendant caused Mr. Jones's injury. Defendant's theory, that Mr. Jones's fall caused the injury, is not reasonable in light of the medical testimony and no other theories are presented. Thus, the circumstantial evidence of guilt was sufficient to support submission of the case to the jury.

Defendant also raises the point of law that "[w]here two equally valid inferences can be drawn from the same evidence, the evidence does not establish guilt beyond a reasonable doubt." *State v. Black*, 611 S.W.2d 236, 240 (Mo.App.1980). He argues that the fall and tire iron theories can both be drawn from the evidence in this case. As noted above, however, the medical evidence effectively excludes the fall as a reasonable cause for Mr. Jones's injury. This rule does not require reversal in this case.

Defendant's second point relied on concerns his Rule 29.15 motion. He claims the court erred in dismissing his motion because counsel failed to fulfil his duties in that he did not file an amended motion to

include all facts and grounds for reversal missing from the pro se motion.

 Rule 29.15(e), which is effectively identical to former Rule 27.26(h), requires appointed counsel to file an amended motion when it is *necessary;* this refers to situations where the pro se motion does not state sufficient facts, fails to raise all grounds known to the movant, or is incomprehensible. *Eggers v. State,* 734 S.W.2d 300, 303 (Mo.App.1987). When a movant requests an appellate court to reverse the denial of his Rule 29.15 motion based on counsel's failure to state additional grounds, he must identify those grounds. *Guyton v. State,* 752 S.W.2d 390, 392–93 (Mo.App.1988). However, an appellate court should not grant this "rather extraordinary relief" unless the record indicates that the movant had a justiciable claim which counsel failed to present to the motion court. *Woolsey v. State,* 738 S.W.2d 483, 485 (Mo.App.1987).

■ The claim stated in defendant's pro se motion clearly did not warrant relief; counsel could not have changed the outcome on those claims by re-wording them or by stating additional facts. Thus, defendant can only challenge counsel's failure to raise additional claims. The only additional claim identified in defendant's brief is that:

> Information concerning the possible bias of the trial court has come to the attention of appellate counsel. Prior to appellant's trial, the trial judge's court reporter suffered a severe and debilitating head injury due to a fall. Appellant was accused of causing just such an injury in this case. The trial judge sentenced appellant to the maximum term of years. The possible bias of the trial judge, and/or counsel's ineffectiveness in seeking the judge's recusal were grounds available to 29.15 counsel which were not raised in an amended motion.

There is no indication that either defendant or motion counsel knew or should have known of this ground nor is there any support for the claim that that ground would warrant reversal. In addition, the record indicates that counsel made efforts to assist defendant. Counsel did file mo-

tions for extension of time and for an evidentiary hearing and he appeared in defendant's behalf at the hearing on the motion to dismiss. Stated differently, counsel's failure to file an amended motion does not reflect a complete failure to supply legal assistance. We may infer that counsel chose not to amend rather than neglected to do so.

Defendant cites three main cases to support reversal under this point relied on: *Jones v. State,* 702 S.W.2d 557 (Mo.App. 1985; *Lee v. State,* 729 S.W.2d 647 (Mo. App.1987); and *Pool v. State,* 634 S.W.2d 564 (Mo.App.1982). These cases can all be distinguished from the case at bar because they involved dismissal due to the procedural defects within the pro se motion. *See Woolsey v. State,* 738 S.W.2d 483 (Mo. App.1987) (discussing *Jones* and *Lee* ) and *Duggar v. State,* 697 S.W.2d 309, 310 (Mo. App.1985) (discussing *Pool* ).

The decisions of both the trial and motion courts are affirmed.

GRIMM and CRANDALL, JJ., concur.