STATE of Missouri,
Plaintiff–Respondent,

v.

Grant Joseph KEENAN,
Defendant–Appellant.

Grant Joseph KEENAN,
Movant–Appellant,

v.

STATE of Missouri, Respondent.

Nos. 15905, 16171.

Missouri Court of Appeals,
Southern District,
Division One.

Nov. 13, 1989.

William L. Webster, Atty. Gen., Elizabeth L. Ziegler, Asst. Atty. Gen., Jefferson City, for plaintiff-respondent.

Nancy A. McKerrow, Columbia, for defendant-movant-appellant.

GREENE, Judge.

After jury-trial, Grant Joseph Keenan was convicted of the class B felony of assault in the first degree, § 565.050,[1] and was sentenced to five years' imprisonment as punishment for the crime. The information charged that Keenan "attempted to kill or cause serious physical injury to Shane E. Glidewell by stabbing him."

Keenan appealed that conviction, contending that (1) the evidence was insufficient to sustain his conviction, (2) the trial court erred in failing to declare a mistrial after the prosecutor, on cross-examination, improperly questioned Keenan concerning a municipal ordinance violation conviction, and (3) his trial counsel was ineffective because he failed to request an instruction on the lesser-included offense of second degree assault.

While this appeal was pending, Keenan, who was in custody serving time on his assault conviction, filed a pro se motion pursuant to Rule 29.15 seeking to vacate his assault conviction on September 2, 1988. The motion alleged ineffective assistance of trial counsel, stating as grounds for that allegation, "My attorney did not do some things in court in which I felt he should've." In documents accompanying his pro se motion, Keenan requested an evidentiary hearing and moved for appointment of counsel on the grounds of indigence.

On September 8, 1988, the motion for appointment of counsel was sustained, and David Robards, a contract attorney for the Jasper County Public Defender's office, was appointed to represent Keenan. On October 6, 1988, Robards moved for additional time to file an amended Rule 29.15 motion, stating that he had not had sufficient time to review the underlying criminal case and consult with Keenan concerning amendments to the pleadings, and asked that he be given until November 8, 1988, to amend the pleadings. This request was granted by the motion court. No ruling was made at that time on Robards' request for a hearing. No amended motion was filed by Robards. The motion court, on November 23, 1988, without evidentiary hearing, denied the pro se motion on the grounds that it did not state facts which, if true, warranted relief.

New counsel was appointed for Keenan, and an appeal from the motion court's order was filed which alleged ineffective assistance of counsel in that Robards "failed to comply with Rule 29.15(e) by failing to ascertain if all justifiable allegations of error were included in the *pro se* motion and by failing thereupon to amend the motion." The direct appeal from the conviction and the appeal from the Rule 29.15 motion to vacate were consolidated here for review.

■ We first consider the issues raised by Keenan in his direct appeal. His first point relied on is that the evidence introduced at trial was insufficient to prove beyond a reasonable doubt that he had attempted to cause serious physical injury to Glidewell by stabbing him. Viewed in the light most favorable to the State, the only evidence introduced to support the charge was the testimony of the complaining witness, Shane Glidewell. The substantive portion of that testimony is as follows.

On January 27, 1988, Glidewell, who was 18 years old, went to Center Creek in Webb City, Missouri, to look for a place to go fishing. Glidewell parked his car, and was looking at the water when he heard a noise behind him. Glidewell turned around and saw a man who began cursing him and accusing him of trespassing. As Glidewell turned to go back to his car, the man drew a knife and pointed it at Glidewell's chest. As Glidewell turned, the man struck at him with the knife. According to Glidewell, the knife blade penetrated his blue jean jacket, and wounded his arm. Glidewell reported the incident to the police. Glidewell later saw a man in the grocery store where he worked who resembled his assailant, and again contacted the police giving them the description of the man. Based on the description, Keenan was arrested, identified by Glidewell as the person who assaulted

---

**1.** Unless otherwise indicated, all references to statutes are to RSMo 1986, V.A.M.S., and all references to rules are to Missouri Rules of Court, V.A.M.R.

him, and was charged with first degree assault. There was no corroborating evidence to substantiate the claimed assault.

■ On cross-examination, Glidewell admitted he did not seek medical attention for his wound, so it could not have been serious. The blue jean jacket that supposedly was penetrated by the knife was not introduced in evidence, and Glidewell did not exhibit any scar where the knife blade was supposed to have penetrated his arm. Keenan took the stand and denied that he assaulted Glidewell. While in our opinion the State's case was paper thin, since the jury's finding of guilt had to be based on Glidewell's testimony alone, the jury had the right to believe Glidewell's testimony concerning the stabbing, and chose to do so. The testimony of a single witness may be sufficient to constitute substantial evidence to make a submissible case. *State v. Porter*, 640 S.W.2d 125, 128 (Mo.1982). While the type of assault charged requires proof of a very specific intent on the part of the actor to cause serious physical injury, the intent element is generally supplied by circumstantial evidence. *State v. Robinson*, 710 S.W.2d 14, 17 (Mo.App.1986).

Glidewell testified that the knife blade was approximately six inches long and was pointed at his chest, and he believed he would have been stabbed in the chest instead of the arm had he not moved. The jury was entitled to infer that Keenan intended to stab Glidewell in the chest and that such a wound would have caused serious physical injury, had Glidewell not avoided it by turning away. The point has no merit.

■ Keenan's second point relied on is that the trial court erred in failing to declare a mistrial when the prosecutor, on cross-examination, attempted to question Keenan concerning a prior municipal ordinance violation in an effort to cast doubt on his credibility as a witness. Keenan took the stand in his own defense, and denied stabbing Glidewell, or even being at the scene where the incident supposedly took place. After Keenan had finished his testimony on direct, the prosecutor, on cross-examination, asked Keenan if he had ever been convicted of assaulting a police officer or pled guilty to assaulting a police officer, after which the following discussion took place between the attorneys and the trial judge:

MR. WYNES: Judge, may we approach the bench?

(out of hearing of jury)

MR. WYNES: There was a specific request of the State for any proof of felony or misdemeanor convictions concerning the defendant, and was given none. I know of no record in Jasper County of that. I want him to be specifically asked if he has a felony or misdemeanor conviction, specific as to dates and whatnot.

THE COURT: Objection will be sustained.

MR. WOLF: Judge, can I get a copy of this motion and show it to you? That's what I was going to do.

THE COURT: Okay.

Following a discussion outside the presence of the jury as to whether Keenan's counsel was entitled to Keenan's conviction record which was in the hands of the prosecutor, the questioning resumed as follows:

CONTINUED CROSS–EXAMINATION:

Q (by Mr. Wolf) Mr. Keenan, you've been convicted of assaulting a police officer, correct?

MR. WYNES: Judge, we'd request that the State make a specific date and the charge.

MR. WOLF: I'll rephrase the question, Judge.

Q (continuing by Mr. Wolf) Grant, on January 13, 1988, you were—you pled guilty to assaulting a police officer, correct?

MR. WYNES: Judge, may we approach the bench again.

(out of hearing of jury)

MR. WYNES: Judge, that's a municipal conviction. It's not a felony. There's been no showing that's a felony or misdemeanor. That's a municipal conviction. It was a fine. There was no sentence involved in that. I'm going to object to that.

MR. WOLF: Judge, the case law as I read it has to do with witnesses and not with regard to impeaching the defendant on misdemeanor convictions.

MR. WYNES: Judge, how is he impeaching him? He never said he didn't have any convictions.

MR. WOLF: What?

MR. WYNES: How are you impeaching him when I never asked him if he didn't have any felony or misdemeanor convictions?

MR. WOLF: I didn't mean impeach. Strike that. I'm sorry.

MR. WYNES: I know what you're getting at, Blake. I understand that.

THE COURT: I think this kind of evidence can be used only to impeach. Are you trying to show a propensity for violence?

MR. WOLF: No, Judge, I'm just—with regard to his character. He's taken the stand. I don't mean impeachment evidence. I've been saying that, but I mean just as to his character. He's elected to take the stand and his criminal offenses can be brought up.

THE COURT: So the purpose is attacking his credibility as a witness.

MR. WOLF: Right.

THE COURT: I don't think he's opened up his good character. They haven't opened that up. If this is just a municipal—

MR. WYNES: It's a Webb City municipal conviction, Judge.

THE COURT: Then the objection will be sustained.

MR. WYNES: Thank you, Judge. This is just for the record, Judge. I understand the Court has sustained my objection to that. However, the facts are already out. The conviction is already out at this point in time. It's been presented to the jury. I'm going to move for a mistrial at this point in time. The defendant has been so unduly prejudiced by the statement of the conviction that he can't possibly receive a fair hearing from the jury. This evidence should not have been admitted at all. And that to deny him a mistrial at this point in time

would be a denial of due process of law under the applicable constitutional amendments.

THE COURT: The Court has sustained your objection. I'll go further and admonish the jury to disregard the question, if you so desire.

MR. WYNES: Thank you, Judge.

THE COURT: Do you want that done then? I will overrule your motion for a mistrial, but I will admonish the jury—

MR. WYNES: I'd appreciate it. I think that would carry a lot of weight, Judge.

THE COURT: You want me to do that.

MR. WYNES: Yes, sir.

(proceedings return to open court)

THE COURT: The jury is admonished to disregard the last question asked by the prosecutor referring to the assault on a police officer. Proceed.

■ Why the trial judge allowed the questioning to continue after viewing the conviction record himself is beyond us, as he knew, or certainly should have known, it involved an ordinance violation. The prosecutor made it quite clear that he wanted to use the conviction to impeach Keenan's credibility as a witness. Violations of municipal ordinances do not constitute criminal offenses for the purpose of impeachment. *State v. Brewer*, 549 S.W.2d 642, 644 (Mo.App.1977). The prosecutor had the record of the municipal conviction in his hands. Not once, but twice, over defense counsel's objection, the prosecuting attorney attempted to impeach defendant with the municipal conviction. The questioning could not have been based upon a good-faith belief that defendant was convicted of a felony or a misdemeanor. The prosecuting attorney, like other citizens, is presumed to know the law. Moreover, a prosecuting attorney has a duty to refrain from improper methods calculated to produce a wrongful conviction. *Jackson v. State*, 465 S.W.2d 642, 647 (Mo.1971). While it is true that the trial court finally sustained the objection and ordered the jury to disregard the question, the damage was already done. It had already been planted in the jury's mind that Keenan, only two weeks

before the incident in question, had pled guilty to assaulting a police officer. This may well have tipped the scales in a case that was barely submissible.

While it is true that the question was never answered by Keenan, and equally true that the declaration of a mistrial is a drastic remedy, *State v. Young*, 701 S.W.2d 429, 434 (Mo. banc 1985), the use of invalid convictions to impeach a defendant has not been held to be harmless error unless the evidence overwhelmingly supports the conviction and other valid convictions are used to impeach the credibility of the defendant. *State v. Ritterbach*, 637 S.W.2d 820, 824 (Mo.App.1982). Neither circumstance exists here. The trial court's tardy remedial action came too late to remove the poison of the question. The prosecutor's conduct in attempting to introduce evidence that he must have known was inadmissible cannot be condoned since it could become the basis of further infractions of the rule. *Kansas City v. Roberts*, 411 S.W.2d 847, 850 (Mo.App.1967). The prejudice to Keenan in permitting the questioning in issue is obvious. The jury could have easily assumed that if Keenan had assaulted a policeman, it was likely he had assaulted Glidewell, thus tipping the scales in favor of a vote for conviction. This observation is strengthened by the fact that the jury was unable to arrive at a verdict after several hours of deliberation, and the deadlock was broken only after the trial judge gave them the "hammer" instruction (MAI–CR3d 312.10), and held them over to deliberate during the evening hours. Under the circumstances, the trial judge committed prejudicial error in failing to declare a mistrial when requested to do so.

■ Since the case must be retried, we briefly comment on Keenan's final point relied on in his direct appeal which alleges his trial counsel was ineffective for failing to request a lesser-included offense instruction of second degree assault which would have required a finding that Keenan was attempting to cause physical injury to Glidewell by stabbing him, rather than attempting to cause serious physical injury, which is the basis for a first degree assault charge. We believe that, even viewing the evidence in the light most favorable to the State, refusal on the part of the trial court to give such an instruction, if requested, would have been reversible error since the evidence showed a basis for acquitting Keenan on the first degree assault charge, but convicting him on the lesser-included offense of second degree assault. *See* § 556.046.2. The jury might not have accepted the State's theory that Keenan attempted to cause Glidewell serious physical injury by stabbing him in the chest, but could have found Keenan attempted to stab Glidewell in the arm, in which case they could have convicted Keenan of the lesser-included offense which carried much lighter punishment than that given for first degree assault convictions.

■ However, instructions on lesser-included offenses in cases of this type need not be given unless requested. *State v. Olson*, 636 S.W.2d 318, 322–23 (Mo. banc 1982). No such instruction was requested by Keenan's trial counsel. At the sentencing hearing, Keenan complained about that fact, and there was no explanation by the attorney representing Keenan at the sentencing hearing, who was not the same attorney who represented him at trial, as to why the instruction was not requested. While we believe that the giving of a lesser-included offense instruction was justified, in view of the evidence and that whether the failure of trial counsel to request it was ineffective assistance of counsel was a justiciable issue, our Supreme Court has recently held in *State v. Wheat*, 775 S.W.2d 155, 156–157 (Mo. banc 1989), a claim of ineffective assistance of counsel may not be raised on direct appeal, but may only be raised in Rule 29.15 proceedings. Accordingly, we may not consider the issue on direct appeal. We are also prevented from considering the issue in the Rule 29.15 proceeding because of the gross dereliction of duty on the part of the attorney appointed to represent Keenan in that proceeding to timely raise the issue of failure of trial counsel to request a lesser-included offense instruction, and because of our Supreme Court's determination in *Day*

*v. State*, 770 S.W.2d 692, 695 (Mo. banc 1989), that the time limitations set out in Rule 29.15 for the filing of post-conviction motions are mandatory.

The failure of Keenan's attorney to file an amended motion in the Rule 29.15 proceeding was inexcusable. Rule 29.15(e) requires that when a pro se motion to vacate is filed, movant's counsel *shall* ascertain whether sufficient facts supporting the grounds are asserted in the motion, and whether the motion includes all grounds known to the movant as a basis for attacking the judgment and sentence. If the motion does not assert sufficient facts or include all grounds known to the movant, counsel *shall* file an amended motion that sufficiently alleges the additional facts and grounds. There is nothing in the record to indicate that Robards did any of the things required of him under the rule. His actions, or lack of them, in the post-conviction matter exceeded the phrase ineffective assistance of counsel. In fact, Keenan was deprived of the assistance of any counsel, ineffective or otherwise, as Robards did absolutely nothing to aid his client. Case interpretations of Rule 29.15(d), and of its predecessor, Rule 27.26(c), require that a motion to vacate sentences must state facts, not conclusions, which, if found to be true, would entitle movant to relief, and failure to state such facts justifies the motion court in summarily disposing of the motion. *State v. Turner*, 353 S.W.2d 602, 603–604 (Mo.1962); 14 Mo.Dig.2d (19), Criminal Law Key No. 998, and cases noted therein. Keenan's pro se motion did not allege any facts entitling him to relief, but only stated a conclusion that "My attorney did not do some things in court in which I felt he should've." Failure of appointed counsel to follow the dictates of Rule 29.-15(e)'s predecessor, which was Rule 27.-26(h), now repealed, mandated reversal when the pro se motion was inartfully drawn and appointed counsel failed to amend it so as to state factually, in a lawyerly fashion, the basis for all claims for relief which movant claimed to have. *Fields v. State*, 572 S.W.2d 477, 483 (Mo. banc 1978); *Woolsey v. State*, 738 S.W.2d 483, 485 (Mo.App.1987); *Jones v. State*, 702 S.W.2d 557, 559 (Mo.App.1985); *McAlester v. State*, 658 S.W.2d 90, 92 (Mo.App.1983). However, Rule 29.15(f) lists time limitations within which amended motions must be filed, and since Robards did not file any amended motion, the time limitations of Rule 29.15(f) were not met, which was the basis of the motion court's decision to proceed on the basis of the original pro se motion. *Day v. State*, 770 S.W.2d 692 (Mo. banc 1989), deals with violations of the time limits requirements set out in various provisions of Rules 24.035 and 29.15, and specifically holds that the time limitation requirements of those rules are valid and mandatory, and that failure to file a motion to amend a faulty pro se motion within the time allowed by the rules in question amounts to a waiver of the right to proceed under the rule. *Id.* at 696.

It would seem that since the holding of *State v. Wheat*, supra, prevents an appellant with a legitimate claim of ineffective assistance of trial counsel from raising the issue on direct appeal, and since the holding of *Day v. State*, supra, may prevent him from raising it in a post-conviction review proceeding because of gross dereliction of duty on the part of his post-conviction attorney, he is deprived of any opportunity to raise the issue through no fault of his own. However, we need not address that issue, or refer it to the Supreme Court with a request that they attempt to solve the evident problem since, by vacating Keenan's conviction on direct appeal, he obtains the same relief he sought in the post-conviction review proceeding and, therefore, Keenan's motion to vacate becomes moot.

The judgment of the trial court affirming the jury verdict of guilty of the crime of assault in the first degree, and the ensuing sentence of five years' imprisonment is reversed, and the cause is remanded for a new trial. The motion court's order denying relief on Keenan's 29.15 motion is reversed, and that cause is remanded to the motion court with directions to dismiss Keenan's motion to vacate as moot.

CROW, P.J., concurs, and files concurring opinion.

HOLSTEIN, Special Judge, concurs.

CROW, Presiding Judge, concurring.

I concur in the principal opinion in all respects except its statement that under former Rule 27.26 reversal was mandated when a pro se motion was not artfully drawn and appointed counsel failed to amend it so as to state factually and in lawyer-like fashion the basis of all of the prisoner's claims for relief. In one of the four cases cited by the principal opinion in support of that statement, *Woolsey v. State*, 738 S.W.2d 483 (Mo.App.1987), the appellate court affirmed the trial court's denial of relief. In another case, *Patrick v. State*, 698 S.W.2d 18 (Mo.App.1985), the appellate court reached the same result.

I point this out solely to avoid participating in the creation of precedent that under former Rule 27.26 reversal of a trial court's denial of relief is automatic in such circumstances.