**STATE of Missouri, Respondent,**

v.

**Stanley RYUN, Appellant.**

**Nos. WD 40164, WD 41897.**

Missouri Court of Appeals, Western District.

Feb. 27, 1990.

J. Bryan Allee, Columbia, for appellant.

William L. Webster, Atty. Gen., Christine A. Alsop, Asst. Atty. Gen., Jefferson City, for respondent.

Before ULRICH, J., Presiding, and SHANGLER and TURNAGE, JJ.

ULRICH, Judge.

Stanley Ryun was convicted of burglary in the second degree (§ 569.170, RSMo 1986 [1]) and stealing (§ 570.030). Mr. Ryun was sentenced to four years incarceration for each of the two offenses as a prior offender pursuant to § 558.016, the sen-

tences to run consecutively, for a total of eight years incarceration. Mr. Ryun appeals the convictions, and he also appeals from the denial of his Rule 29.15 motion to vacate the judgments of conviction and the sentences. The judgment of conviction is affirmed, and the judgment denying Mr. Ryun's Rule 29.15 motion is affirmed.

Ron and Cathy Franklin resided in Stover, Missouri, on Route 2. In November, 1985, Mr. Ryun and another person worked for the Franklins as a plumber. The Franklins provided Mr. Ryun access to their home. During the morning of January 10, 1986, Mr. and Mrs. Franklin left their residence. Mr. Franklin went to his place of employment and Mrs. Franklin went to a friend's house. On the afternoon of January 10, Mr. and Mrs. Franklin returned to their home together, arriving at approximately 3:30 to 4:00 p.m.

Upon arriving at their residence, Mr. and Mrs. Franklin observed the interior of their residence in a state of disorder. They also determined that two stereos, a television set, and five firearms were among missing items, each identified item valued at approximately $150. They also observed that a kitchen window had been pried open and was broken, and outside the window, they observed an unfamiliar automobile jack.

Sometime during the afternoon of January 10, a fisherman, approximately one and one-half blocks from the Franklin residence, observed an automobile arrive and park on the Franklin property. A second witness observed Mr. Ryun on the same date drive an automobile onto the Franklin property at approximately 2:55 p.m., and depart the Franklin property at approximately 3:45 driving the same vehicle at a high rate of speed.

Between 5:00 and 5:30 p.m. on January 10, 1986, two witnesses observed Mr. Ryun near an automobile that had struck a tree. The witnesses arrived at the scene of the accident independently of each other. Both witnesses observed Mr. Ryun walking toward a wooded area, and one witness saw him carrying a television. One of the wit-

1. All references to statutes are to the Revised Statutes of Missouri 1986.

nesses informed the Sheriff's Department, and a deputy sheriff arrived at the scene of the accident. The deputy sheriff examined the damaged automobile and, based upon what the two witnesses told him, searched the area and found a television, a turntable, two speaker amplifiers, and four firearms, which had been placed near a creek. The items found were identified as property taken from the Franklin home the same day.

During the evening of January 10, a deputy sheriff observed Mr. Ryun being treated at a nearby clinic for a severe laceration under his chin near his throat. The deputy sheriff took pictures of Mr. Ryun while at the clinic.

On January 13, 1986, at approximately 8:30 a.m., Mr. Ryun went to the Sheriff's Office where he wrote a statement saying that he paid $140 for the seized television, stereo and firearms. He said he purchased them from Michael Simpson and someone else and that he received a bill of sale for the items. After purchasing the items, he said that he departed for his residence and experienced an automobile accident. Mr. Ryun said he did not know where Mr. Simpson lived, and he did not know the other person with Mr. Simpson. He was shown the tire jack found near the forced window of the Franklin residence, and he acknowledged that it was his.

Mr. Ryun was arrested and charged with second degree burglary and stealing. Counsel was appointed to represent him. At trial, his attorney, Ms. Greer, stated that she had caused a subpoena to issue for Dennis Duffy, but he was not present to testify and she did not know where he was. She requested a continuance so that Mr. Duffy could be located and his trial testimony offered in Mr. Ryun's behalf. The prosecutor opposed the request, and the court denied Ms. Greer's request for a continuance.

Mr. Ryun appeals his conviction contending that the state's evidence was insufficient as a matter of law to prove him guilty beyond a reasonable doubt, and, therefore, that the trial court erred by denying his motion for judgment of acquittal at the close of all the evidence. When assessing the sufficiency of the evidence, appellate courts accept as true all evidence and inferences that tend to support the verdict and disregard all evidence and inferences that do not. *State v. Brown*, 660 S.W.2d 694, 699 (Mo. banc 1983). The question presented is whether the evidence, viewed in the light most favorable to the state, is sufficient to support the verdict. *Id.* Because the evidence presented a circumstantial case, the facts and circumstances must be consistent with each other and with the hypothesis of the defendant's guilt and inconsistent with the defendant's innocence, but they need not be absolutely conclusive of his guilt or demonstrate absolute impossibility of his innocence. *State v. Brown*, 749 S.W.2d 448, 449 (Mo.App.1988); *State v. Masslon*, 746 S.W.2d 618 (Mo.App.1988).

■ The evidence establishes a prima facie case and is sufficient for submission to the jury on the issue of Mr. Ryun's guilt. Mr. Ryun was observed by two witnesses in the vicinity of the Franklins' house between 1:30 and 2:55 p.m. on the date of the burglary and theft. The witnesses saw Mr. Ryun on the Franklin property. Mr. Ryun was observed leaving the Franklin property driving an automobile at a high rate of speed. The Franklins returned home after Mr. Ryun was seen on their property to discover that among the items missing from their house were two stereos, a television set and five firearms, each having a value of more than $150. Later, on the same date, Mr. Ryun was seen carrying a television set into a wooded area near the location of a single vehicle accident. A television set, a turntable, two speaker amplifiers and four firearms that had been taken from the Franklin house were found by a deputy sheriff near the location where Mr. Ryun had been seen carrying a television set shortly before. Mr. Ryun was observed receiving medical attention at a clinic the evening the burglary and the vehicular accident occurred. Mr. Ryun identified as his the bumper jack found outside the Franklins' kitchen window. Mr. Ryun acknowledged that he possessed the stolen items. His explanation

that he purchased the recently-stolen items and received from the seller an unavailable bill of sale was for the jury to accept or reject. *See State v. Chunn*, 701 S.W.2d 578, 584 (Mo.App.1985); *Brown*, 660 S.W.2d at 699. The evidence was sufficient, if believed by the jury, to find Mr. Ryun guilty of the offenses beyond a reasonable doubt.

Mr. Ryun filed a pro se motion for post-conviction relief pursuant to Rule 29.15. He alleges that he was denied effective assistance of counsel because trial counsel failed to contact witnesses to inform them of the changed trial date and failed to have the witnesses present during trial. Mr. Ryun was appointed counsel on his post-conviction motion, and his counsel did not amend his pro se motion. Mr. Ryun also alleges that the failure of his postconviction attorney to file an amended Rule 29.15 motion has prejudiced him.

A Rule 29.15 evidentiary hearing was conducted on March 23, 1989. Dennis and Mary Duffy testified at the hearing. Mr. Duffy knew nothing about events resulting in Mr. Ryun being charged. He recalled that he worked that day at his wife's tavern in Stover, Missouri. He learned while at the tavern that Mr. Ryun had been in an automobile accident, and he left the tavern to see him. The Duffys had heard stories about the burglary, and Mr. Ryun had told Mary Duffy that he did not commit the crime. Following the hearing, the court denied Mr. Ryun's Rule 29.15 motion.

Appellate review of postconviction motions is limited to whether the findings and conclusions of the motion court are clearly erroneous. The motion court's findings and conclusions are clearly erroneous only if this court is left with the definite and firm belief that a mistake has been made after reviewing the record. *Short v. State*, 771 S.W.2d 859, 863 (Mo.App.1989). Mr. Ryun bears the burden of establishing grounds for relief by a preponderance of evidence. *Street v. State*, 765 S.W.2d 630, 631 (Mo.App.1989).

To demonstrate that his trial counsel was ineffective in failing to call Mr. and Mrs. Duffy as trial witnesses, Mr. Ryun bears the burden of proving that the witnesses could have been located through a reasonable investigation, that they would have testified if called and that their testimony would have presented a viable defense. *Kennedy v. State*, 771 S.W.2d 852, 857–58 (Mo.App.1989). The testimony of Mr. and Mrs. Duffy at trial would not have provided Mr. Ryun with a viable defense.

Mr. Ryun contends that he has been prejudiced by his post-conviction attorney's failure to file an amended Rule 29.15 motion in his behalf. Counsel is not automatically required to file an amended postconviction motion. *Woolsey v. State*, 738 S.W.2d 483, 485 (Mo.App.1987). An amended motion should be filed where the *pro se* motion fails to assert all known grounds for relief or fails to fully and accurately allege the grounds raised. *Id.* A movant must identify the grounds when requesting an appellate court to reverse the denial of his Rule 29.15 motion for failure of his counsel to state additional grounds. *State v. Perez*, 768 S.W.2d 224, 228 (Mo.App. 1989). Relief will not be granted absent the record showing a justiciable claim which counsel failed to present to the motion court. *Id.; Woolsey*, 738 S.W.2d at 485. The record is void of a justiciable claim which Mr. Ryun's counsel should have asserted.

The judgment of conviction and the judgment denying Mr. Ryun's Rule 29.15 motion are affirmed.

All concur.