Vernon Allen BRUCE, Appellant,

v.

STATE of Missouri, Respondent.

No. 57332.

Missouri Court of Appeals,
Eastern District,
Division Five.

Sept. 25, 1990.

Lew A. Kollias, J. Bryan Allee, Columbia, for appellant.

William L. Webster, Atty. Gen., Elizabeth L. Ziegler, Asst. Atty. Gen., Jefferson City, for respondent.

CRIST, Judge.

Movant appeals the denial of his Rule 24.035 motion after an evidentiary hearing. We affirm.

Movant was charged by information of two counts of robbery in the first degree, one count of armed criminal action, and one count of assault in the first degree. Movant was jointly charged with a codefendant. Movant entered a guilty plea to all four counts. He was sentenced to a total of fifteen years' imprisonment.

Movant filed a *pro se* motion under Rule 24.035 alleging his counsel was ineffective in that she induced him to plead guilty. No amended motion was filed. At the evidentiary hearing, movant, movant's codefendant, and movant's trial counsel testified. Thereafter, the motion court set forth its findings and conclusions denying movant relief.

In movant's only point, he alleges his postconviction relief counsel was ineffective for failing to amend his *pro se* motion. Rule 24.035(e) states:

> [I]f the [*pro se*] motion does not assert sufficient facts or include all grounds known to the movant, counsel shall file an amended motion that sufficiently alleges the additional facts and grounds. . . .

When a movant requests an appellate court to reverse the denial of his postconviction motion based on counsel's failure to state additional grounds, he must identify those grounds. *State v. Perez,* 768 S.W.2d 224, 228[3] (Mo.App.1989). However, an appellate court should not grant this rather extraordinary relief unless the record indicates the movant had a justiciable claim which counsel failed to present to the motion court. *Id.*

Here, movant contends his postconviction counsel should have amended his *pro se* motion to include his contention that he gave an equivocal guilty plea as evidenced by his answer at the guilty plea hearing. The following excerpt is from movant's guilty plea:

> THE COURT: One more question, Mr. Bruce. You've heard everything I've said to you and the questions I've asked you. You've heard the recitation of the facts by the prosecutor and the range of punishment; you've heard the remarks of your own attorney on the record. I want to ask you whether there is anything that has happened while you've been standing here entering these pleas of guilty that has been a surprise to you

or been anything you did not expect to happen.

THE DEFENDANT: Yes, sir.

THE COURT: What has surprised you?

THE DEFENDANT: That, I thought since I pleaded guilty I thought I could get at least about ten years out of it.

THE COURT: Well, the circuit attorney and your lawyer engaged in plea bargaining negotiations and discussions. The Court has nothing to do with that. The recommendation is what I just said.... Do you understand that; that's what they are recommending and you have agreed to accept those four separate sentences to run concurrent? Is that correct?

THE DEFENDANT: Yes, sir.

THE COURT: All right. What you are trying to tell me, you hoped it could be better, or would be better? Is that right?

THE DEFENDANT: Right.

THE COURT: But you are pleading guilty with the understanding, are you not, that that is exactly what I'm going to give you?

THE DEFENDANT: Yes, sir.

Thereafter, movant's trial counsel was allowed to question movant:

[MOVANT'S TRIAL COUNSEL:] Your Honor, just for the record, may I inquire?

THE COURT: Yes.

[MOVANT'S TRIAL COUNSEL:] Right before we started this, when the judge came out on the bench, we discussed that the recommendation was fifteen years; didn't we?

THE DEFENDANT: Yes, ma'am.

[MOVANT'S TRIAL COUNSEL:] And before we started this, you know that it was going to be fifteen years and not ten years; right?

THE DEFENDANT: Yes, ma'am.

[MOVANT'S TRIAL COUNSEL:] We had discussed the possibility of ten years, but I didn't promise you ten years; did I?

THE DEFENDANT: No, ma'am.

[MOVANT'S TRIAL COUNSEL:] I promised you fifteen; didn't I?

THE DEFENDANT: Yes, ma'am.

It is clear from this excerpt that movant's guilty plea was unequivocal in that he fully understood the consequences of his guilty plea and that he would receive fifteen years' imprisonment. Furthermore, evidence of movant's alleged surprise was received at the hearing. In its findings, the motion court determined that although the contention was not pleaded, it was in any event refuted by the record. Even if post-conviction counsel had amended movant's motion to include this contention, movant did not have a justiciable claim. *Perez*, 768 S.W.2d at 228[3]; *Woosley v. State*, 738 S.W.2d 483, 485[2] (Mo.App.1987). This point is denied.

Judgment affirmed.

SIMON, P.J., and BRADY, Senior Judge, concur.